Anthony EPPOLETO, et al., Relators,

v.

Honorable Sam BOURNIAS, Judge, 87th District Court of Leon County, Texas, Respondent.

No. 10–88–214–CV.

Court of Appeals of Texas, Waco.

Dec. 15, 1988.

Rehearing Denied Jan. 12, 1989.

Karl C. Hoppess, Hoppess, Cowgill & Emmott, P.C., Houston, Mac L. Bennett, Jr., Bennett & Bennett, Normangee, for relators.

R. Scott Moran, Burford & Ryburn, Dallas, for respondent.

HALL, Justice.

Following the dismissal of condemnation proceedings brought by Phillips Natural Gas Company in the 87th Judicial District Court of Leon County against lands owned by the relators herein, a determination was made by the Judge of the 87th District Court, the respondent herein, that relators were entitled to recover from the condemnor the expenses and damages allowed in sections 21.019(c) and 21.044(a), V.T.C.A., Property Code. These statutes provide:

§ 21.019(c). A court that hears and grants a motion to dismiss a condemnation proceeding made by a property owner seeking a judicial denial of the right to condemn or that otherwise renders a judgment denying the right to condemn may make an allowance to the property

owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing or judgment.

§ 21.044(a). If a court finally determines that a condemnor who has taken possession of property pending litigation did not have the right to condemn the property, the court may award to the property owner the damages that resulted from the temporary possession.

However, being of the view that relators were not entitled to a trial by jury on their actions under these statutes, respondent, on motion of the condemnor, removed relators' actions from the jury docket and set the causes for a hearing without a jury. In the order removing the cases from the jury docket, respondent expressly found that relators had met every procedural requirement entitling them to a jury.

Relators filed this original proceeding with us for a writ of mandamus and a writ of prohibition directing respondent to replace relators' actions for relief under Property Code Sections 21.019(c) and 21.-044(a) on the jury docket and to stop the trial set without a jury. We grant the relief sought by writ of mandamus.

■ Two separate provisions regarding the right of trial by jury are found in our State Constitution. The first is Article I, Section 15, a part of the Bill of Rights of the Constitution:

Sec. 15. The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. Provided, that the Legislature may provide for the temporary commitment, for observation and/or treatment, of mentally ill persons not charged with a criminal offense, for a period of time not to exceed ninety (90) days, by order of the County Court without the necessity of a trial by jury.

The second is Article V, Section 10, a part of the Judiciary Article:

Sec. 10. In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

As pointed out by our Supreme Court in *State v. Credit Bureau of Laredo, Inc.,* 530 S.W.2d 288, 292 (Tex.1975), the Bill of Rights provision continued the right of trial by jury only as it existed at common law or by statutes in effect at the time of the adoption of the Constitution; the provision in the Judiciary Article was originally intended to broaden the right to a jury afforded by the Bill of Rights provision by extending the right of trial by jury to causes in equity; the subsequent amendment of the Judiciary Article extended the right to a jury to "all cases of law or equity"; and it was the present Constitution of 1876 that changed the words of the earlier Constitution from "all cases of law or equity" to its present form, "trial of all causes." The Court then accepted a definition of the term "cause" as meaning "any legal process which a party institutes to obtain his demand or by which he seeks his right," as "[comporting] with the interpretation given by ... courts and legal writers in the period when our present Constitution was drafted." In *Tolle v. Tolle,* 101 Tex. 33, 104 S.W. 1049, 1050 (1907), the Court approved this definition of "cause" as used in the constitutional provision: "A suit or action; any question civil or criminal contested before a court of justice."

The Judiciary Article has been construed by our Supreme Court to provide to a party "a trial by jury of the contested issues of fact." *San Jacinto Oil Company v. Culberson,* 100 Tex. 462, 101 S.W. 197, 198 (1907). By its terms, the article provides a trial by jury only in the district courts. Because Leon County does not have a county court at law, the cause in question before us is properly pending in the district court. V.T.C.A., Property Code §§ 21.001 and 21.013(c).

The action pending in the district court for the recovery by relators of the reason-

able and necessary fees incurred by them and the damages that resulted from the temporary possession of their lands by the condemnor before the condemnation proceeding was dismissed fits within the meaning of the word "cause" as that term is used in Article V, Section 10 of the Constitution. Plainly, a determination of the amounts that relators are entitled to recover as reasonable and necessary fees and expenses and damages to land presents questions of fact. We hold that relators are entitled to a jury on the trial of these issues.

Respondent principally relies on *City of Houston v. Blackbird*, 658 S.W.2d 269 (Tex.App. 1 Dist.1983, writ dism.). In this case the court of appeals ruled that the hearing mandated by article 3265, section 6, Vernon's Texas Civil Statutes, the statute upon which Texas Property Code section 21.019 was based, was to be held before the trial judge and that there was no right to a trial by jury on the issues. In *Blackbird*, however, the cause was pending in a county court at law. We do not decide whether a party is entitled to a jury on the trial of these issues in a county court at law, because the question is not before us.

Writs of mandamus issued by the court of appeals must be "agreeable to the principles of law regulating those writs." V.T.C.A., Government Code § 22.221(b). Mandamus may issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). In the case before us respondent abused his discretion in denying relators a trial by jury by removing their case from the jury docket and setting the case for trial without a jury. Requiring relators to try their case without a jury would effectively render the trial a certain nullity on appeal. Such result "falls well short of a remedy by appeal that is 'equally convenient, beneficial and effective as mandamus.'" *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984).

We expect that respondent will vacate his orders removing relators' actions from the jury docket and setting them for trial without a jury, and that he will replace the causes on the jury docket. Should he fail to do so upon receipt of this opinion the writ of mandamus will be issued from this court by the Clerk. The issuance of a writ of prohibition is not deemed necessary.