**STATE of Texas, Relator,**

v.

**Honorable Ed LANDRY, Judge County Court Civil Court at Law No. 1 Harris County, Texas, et al., Respondent.**

**No. C14–90–327–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 1990.

Rehearing Overruled Aug. 2, 1990.

Richard D. Naylor, Austin, for relator.

Tom F. Coleman, Jr., H. Dixon Montague, Walker W. Beavers, Houston, for respondent.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Relator voluntarily dismissed a condemnation proceeding against Floyd Pryor, Jr. and wife Gloria Broski Pryor. Relator's application for Writ of Mandamus and Prohibition was granted to determine whether relator is entitled to a jury determination of the reasonable and necessary fees to which the Pryors are entitled under TEX.PROP. CODE ANN. § 21.019 (Vernon Supp.1990).

In October of 1986 relator, the State of Texas, commenced this condemnation action in the County Civil Court at Law Number 1 of Harris County. Special commissioners were appointed by the trial court. After due hearing, an award of the Special Commissioners was entered on October 6, 1987. The State filed objections to the award. During the course of a jury trial, relator determined that the highway facility could be redesigned so as to eliminate the need for the Pryor property. The State announced in open Court that it was taking a nonsuit and desired to dismiss its condemnation proceeding.

In seeking a dismissal, Relator subjected itself to the assessment of attorney fees and cost in accordance with TEX.PROP.CODE ANN. § 21.019 (Vernon Supp.1990), which reads as follows:

(b) A court that hears and grants a motion to dismiss a condemnation under Subsection (a) shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers,

and photographers and for the other expenses incurred by the property owner to the date of the hearing.

In *Eppoleto v. Honorable Sam Bournias, Judge,* also a mandamus and prohibition action, the Waco court held that an action pending in the *district* court for the recovery of reasonable and necessary attorney fees and expenses, which also arose from the dismissal of a condemnation proceeding, fit within the meaning of the word "cause" in TEX. CONST. art. V, § 10[1]. 764 S.W.2d 284 (Tex.App.–Waco 1988, no writ). The Waco court nognd that a determination of the amount a landowner is entitled to recover as reasonable and necessary attorney fees and expenses presents questions of fact. Except in very special circumstances, fact questions should be determined by the jury. *Castleberry v. Branscum,* 721 S.W.2d 270, 277 (Tex.1986) (citing TEX. CONST. art. I, § 15).

Respondent asserts that *City of Houston v. Blackbird,* 658 S.W.2d 269, 273 (Tex. App.–Houston [1st Dist.] 1983, writ dism'd), dictates the decision of this court. However, the holding in *Blackbird* hinged upon an inaccurate interpretation of the Texas Constitution. The *Blackbird* court stated that "it is well settled that the right to a trial by jury as provided in our Constitution relates only to those matters wherein such a right existed at common law or in statutory provisions in existence at the time of the adoption of the Constitution in 1876". 658 S.W.2d at 273. The Texas Supreme Court has expressly rejected that interpretation:

> Some decisions have mistakenly treated the Bill of Rights and the Judiciary Articles as identical in meaning, that is, as protecting the right of trial by jury only as it existed at common law or by statutes in effect at the time of the adoption of the Constitution.

*State v. Credit Bureau of Laredo,* 530 S.W.2d 288, 292 (Tex.1975) (interpreting "cause", as used in art. V, § 10 to mean any legal process which a party institutes to obtain its demand or by which it seeks it rights).

■ It is a sound constitutional principle that litigants are entitled to a jury trial on all disputed factual matters. The principle of right to trial by jury in civil cases is recognized not only in the Constitution of the State of Texas, but also in the Constitution of the United States of America.

TEX.GOV'T.CODE ANN. § 25.0007 (Vernon 1988) provides:

> The drawing of jury panels, selection of jurors, and practice in the statutory county courts must conform to that prescribed by law for county courts, *except that procedure, rules of evidence, issuance of process and writs, juries, and all other matters pertaining to the conduct of trials and hearings in the statutory county courts involving those matters of concurrent jurisdiction with district courts are governed by the laws and rules pertaining to district courts.*

[Emphasis added]. Relator correctly asserts that, by its very terms Section 25.0007 deals not only with procedural matters, but also with substantive matters such as rules of evidence, issuance of process and writs, and juries. TEX.PROP.CODE ANN. § 21.001 (Vernon 1984) provides that district courts and county counts at law have concurrent jurisdiction in eminent domain cases. Therefore, eminent domain cases in county courts at law are governed by the laws and rules pertaining to district courts.

TEX.GOV'T.CODE ANN. §§ 25.0031–25.2512 (Vernon 1988 and Vernon Supp.1990) establish specific county courts at law. With the exception of § 25.1032 Harris County, the legislative enactments create concurrent jurisdiction in eminent domain cases. The only legislative enactment which attempts to divest the district court of its jurisdiction and to vest the exclusive jurisdiction of eminent domain proceedings in the county

---

1. Section 10. Trial by jury. In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions a may be prescribed by the Legislature.

court at law is the Harris County Civil Court at Law provisions, section 25.1032. To accept Respondents' assertion that there is no right of jury trial in a Harris County Court at Law because of its exclusive, rather than concurrent, jurisdiction would create the extraordinary phenomenon that a litigant would be entitled to a jury trial in every county in the State of Texas in which there is a county court at law, except Harris County.

Article V, Section 1 of the Constitution of the State of Texas provides:

The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

■ TEX. CONST. art. V, § 8 establishes the constitutional jurisdiction of a district court, giving it jurisdiction over both civil and criminal cases. *Lord v. Clayton*, 163 Tex. 62, 352 S.W.2d 718, 721–22 (1961). The legislature cannot by statute take away from a district court jurisdiction given it by the Constitution. *Reasonover v. Reasonover*, 122 Tex. 512, 58 S.W.2d 817 (1933). "It was not intended by the 1891 amendment to deprive the district courts of, or to detract from, the jurisdiction specifically granted them by the Constitution; the legislative authorization given 'to conform the jurisdiction' was only authority to make the jurisdiction of the statutory courts concurrent with that of the constitutional district courts, and was not authority to either destroy the district court's constitutional jurisdiction or to transfer any part of it exclusively to a statutory court." *In re Cockrell*, 493 S.W.2d 620 (Tex.Civ.App.–Amarillo 1973, writ ref'd n.r.e.).

■ Accordingly, in the instant case, the attempt of the legislature to vest exclusive jurisdiction of eminent domain cases in the County Civil Court at Law in Harris County does not validly deprive the district courts of their constitutionally established general trial jurisdiction. The *Eppoleto* holding correctly embraces the concept that a litigant has the right of jury trial on the issue of reasonable and necessary attorney fees and expenses in a condemnation case that has been dismissed. 764 S.W.2d 284.

■ Respondents argue that Relators have an adequate remedy on appeal and, therefore, are not entitled to mandamus relief. However, requiring relator to try their case without a jury would effectively render the trial a certain nullity on appeal. *Eppoleto*, 764 S.W.2d at 286. Such a result "falls well short of a remedy by appeal that is 'equally convenient, beneficial and effective as a mandamus.'" *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984).

■ Respondent contends that even if entitled to a jury trial, Relator made no jury demand with respect to the hearing on litigation expenses, and made no objection to trying the issue of litigation expenses without a jury at the hearing on litigation expenses. Accordingly, it has waived its right to a jury trial. *City of Houston v. Arney*, 680 S.W.2d 867, 873 (Tex.App.–Houston [1st Dist.] 1984, no writ). We agree.

TEX.R.CIV.P. 216 provides:

No jury trial should be had in any Civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, *but not less than thirty (30) days in advance.*

[Emphasis added.]

Following the grant of its Motion for Dismissal, relator allowed the jury empaneled to try the condemnation action to be discharged. Relator did not file a jury demand thirty (30) days prior to the October 5, 1988 hearing on litigation expenses. In fact, relator did not demand a jury on the issue of litigation expenses until February 27, 1990.

■ Furthermore, Judge Landry by setting aside his oral pronouncement on the issue of litigation expenses did not grant relator a new trial, which would have allowed it to renew its demand for a jury trial. An order granting a new trial must be reduced to writing and designated as

such. *Clark & Co. v. Giles*, 639 S.W.2d 449, 450 (Tex.1982).

In conclusion, we find that, upon proper and timely request following a voluntary dismissal of a condemnation proceeding, a party is entitled to a jury trial to determine the property owner's litigation expenses, including the necessary fees for Attorneys, Appraises, and Photographers and for other expenses incurred by the property owner to the date of the hearing.

We further find that in the instant case the relator failed to file a timely request for a jury.

We find respondents request for award of damages pursuant to TEX.R.APP.P. 84 to be without merit.

The requested writs of mandamus and prohibition, and the requested stay, are denied.

PRESSLER, J., not participating.

### OPINION ON MOTION FOR REHEARING

In response to the Relator's motion for rehearing requesting that we clarify our holding regarding the waiver of a jury on the issue of attorney fees and expenses, we supplement our prior opinion. The Relator again urges that we order Judge Coleman to impanel a jury to hear the evidence on the disputed fact issue of attorney fees and expenses resulting from the dismissed condemnation action. We decline to do so, and overrule the motion for rehearing. However, we further clarify our reasoning as follows.

The Relator contends that Judge Landry setting aside his award of attorney fees and expenses completely nullified the October 5, 1988 hearing which entitled the Relator to request a new jury at least 30 days prior to the new hearing date pursuant to Rule 216. We disagree with this contention. We have held that the parties in a dismissed condemnation action brought in a county court at law should not be deprived of the opportunity to have a jury hear the evidence on the disputed fact issue of reasonable attorney fees and expenses. In our opinion, a party would be entitled to have a jury as fact finder on this issue if the case were brought in district court in a county where the district court and the county court at law share concurrent jurisdiction over condemnation actions. We do not think the legislature intended to deprive a party of that right by limiting condemnation actions to the exclusive jurisdiction of county courts at law in certain counties.

However, the Relator did not preserve this right by its renewal of demand for jury trial on February 27, 1990, after Judge Landry granted the Relator's motion to withdraw his attorney fees and expenses award. The condemnation action had been dismissed by the Relator, and the jury released. Judge Landry set a hearing date for the issue of attorney fees and expenses to be heard. The Relator did not request a jury be impaneled for that hearing. The hearing took place and the evidence and arguments of both sides were presented. The time for the Relator to request a jury was before that hearing, not after it was completed. By waiting until after the hearing, the Relator waived its right to a jury on the issue of attorney fees and expenses.

The order entered on April 18, 1990 by Judge Coleman was proper. He had taken the place of the prior judge as fact finder on the issue of attorney fees and expenses. It is entirely within his discretion to hold another hearing and receive additional evidence before making his ruling. Likewise, it is within his discretion to hear argument of the attorneys and weigh the evidence in the record before him and make a ruling on just and reasonable attorney fees and expenses. The assignment of a visiting judge to replace the recused Judge Landry does not constitute a new trial on this disputed fact issue. The requested writs of mandamus and prohibition are denied.