**Stanley H. ROSENTHAL and Betty Jean Rosenthal, Relators,**

v.

**The Honorable Joseph Ann OTTIS, Presiding Judge, 130th Judicial District, Matagorda County, Texas, Respondent.**

No. 13–93–448–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 7, 1993.

J. Mark Breeding, Frederick D. Junkin, Mayor, Day, Caldwell & Keeton, Houston, for relators.

Russell Law, Bay City, Wiley Thomas, Angelton, for real parties in interest.

Before FEDERICO G. HINOJOSA, Jr., DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an original mandamus proceeding in which relators, Stanley and Betty Jean Rosenthal, ask us to compel respondent, Judge Joseph Ann Ottis, to conduct a jury

trial on the amount of attorney's fees and expenses that should be awarded to the Rosenthals as a result of a voluntary dismissal of a condemnation proceeding by the real party in interest, Matagorda County Drainage District No. One (Matagorda). We conditionally grant the petition for writ of mandamus.

Matagorda first brought a condemnation proceeding against land owned by the Rosenthals in November, 1990, under the eminent domain provisions of TEX.PROP.CODE ANN. § 21.001 et seq. (Vernon 1984). On March 26, 1992, Matagorda filed its motion to dismiss the condemnation proceeding, which the trial court immediately granted without conducting a hearing or awarding any other relief.[1] On April 23, 1992, the Rosenthals filed a pleading, requesting the opportunity to present evidence and have a jury determine their attorney's fees and expenses in connection with the dismissal, pursuant to the provisions of TEX.PROP.CODE ANN. § 21.019(b) (Vernon Supp.1993). More than one year later, on August 5, 1993, the trial court heard the Rosenthals' motion and signed an order denying their request for a jury trial to determine attorney's fees and expenses. The Rosenthals bring the present mandamus action seeking to force the trial court to vacate this order and hold such a trial.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). However, before determining whether the trial court abused its discretion, we must first determine whether the trial court retained jurisdiction to determine attorney's fees and expenses long after it dismissed the underlying condemnation proceeding.

■ TEX.R.CIV.P. 162 provides that a plaintiff may dismiss its case any time before it has introduced all of its evidence. The rule further provides:

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a *pending* claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, *pending at the time of dismissal,* as determined by the court.

TEX.R.CIV.P. 162 (emphasis added); *see First Bank and Federal Deposit Insurance Corp. v. Shiflett*, 843 S.W.2d 610, 616 (Tex.App.—Houston [14th Dist.] 1992, writ denied). A plaintiff's right to dismiss his suit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982).

■ In the present case there is no indication, from the pleadings alone, that the Rosenthals made any claim for affirmative relief before the dismissal. Thus, it would appear that the order of dismissal disposed of all affirmative claims brought by the parties and acted as a final, appealable order. *See First National Bank of Houston v. Fox*, 121 Tex. 7, 39 S.W.2d 1085, 1086 (1931); *Hosey v. County of Victoria*, 832 S.W.2d 701, 703 (Tex.App.—Corpus Christi 1992, no writ).[2] No appeal having been timely perfected from that order, the trial court would ordinarily have no authority to now hear evidence and modify its order and award attorney's fees and expenses.

■■ However, a specific provision in the Property Code mandates an award of attorney's fees and expenses to the property owner upon dismissal of the underlying condemnation proceeding. Section 21.019(b) states as follows:

A court that hears and grants a motion to dismiss a condemnation proceeding

---

1. On March 31, 1992, Matagorda filed, under a separate cause number, a second condemnation proceeding against the property owned by the Rosenthals.

2. The general rule is that counterclaims for attorney's fees by the defendant are considered claims for affirmative relief, which are not disposed of simply by the plaintiff's dismissal of his own causes of action. *See Falls County v. Perkins and Cullum*, 798 S.W.2d 868 (Tex.App.—Fort Worth 1990, no writ); *Page v. Page*, 780 S.W.2d 1, 3 (Tex.App.—Fort Worth 1989, no writ); *Powers v. Palacios*, 771 S.W.2d 716, 718 (Tex.App.—Corpus Christi 1989, writ denied).

made by a condemnor under Subsection (a) *shall make an allowance* to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.

TEX.PROP.CODE ANN. § 21.019(b) (Vernon Supp.1993) (emphasis added); *See Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex.1991); *City of Wharton v. Stavena,* 771 S.W.2d 594 (Tex.App.—Corpus Christi 1989, writ denied). Under § 21.019(b), attorney's fees and expenses are not just *permitted,* if requested by counterclaim, as in the case of other statutes which generally allow attorney's fees [3]. Section 21.019(b) *mandates* the courts of this state to award the property owner "reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner," even though the property owner did not ask for such fees and expenses by counterclaim. TEX.PROP.CODE ANN. § 21.-019(b).

The Texas Supreme Court has recognized that the dismissal of a condemnation proceeding under § 21.019 is different from the ordinary case in which the plaintiff has an absolute right to dismiss his cause of action, absent a claim by the defendant for affirmative relief. The Supreme Court has held that a motion for dismissal under § 21.019 "is more properly described as a motion to dismiss pursuant to a special statutory provision" mandating the award of attorney's fees and expenses. *Hooks,* 808 S.W.2d at 59. "The statutory procedure *itself* requires factual determinations on reasonableness and the existence of expense items." *Id.* (emphasis added).

We are thus left with the question, whether the trial court's failure to determine and award attorney's fees and expenses pursuant to § 21.019(b) should be considered an unadjudicated claim for affirmative relief which would prevent the dismissal order from becoming final, thus allowing the trial court to retain jurisdiction until it hears and determines the claim for attorney's fees and expenses.

■ We are unwilling to hold that the statute itself creates such a claim for relief in the absence of any affirmative act by the property owner to claim entitlement to attorney's fees and expenses. *See McCullough v. Producers Gas Co.,* 616 S.W.2d 702 (Tex.Civ. App.—Waco 1981, writ ref'd n.r.e.) (suggesting the need for a motion for allowance of the expenses in question). After reviewing the statute, we conclude that the property owner's claim for § 21.019(b) attorney's fees and expenses accrues at the time that the underlying condemnation proceeding is dismissed. Therefore, the property owner can only plead for such relief after the case has been dismissed.

■ In accordance with the terms of the statute, which provides for mandatory award of such fees, and contrary to the general provisions of TEX.R.CIV.P. 162 that a plea for affirmative relief must be pending at the time of dismissal, we hold that a § 21.019(b) claim for attorney's fees and expenses is timely if requested within 30 days of the date of the order of dismissal, during which time the trial court retains plenary power over the case. Such a plea or request then allows the trial court to retain jurisdiction to determine such fees as in any other case in which an unadjudicated claim remains pending after dismissal. *See State v. Landry,* 793 S.W.2d 281 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding); *Eppoleto v. Bournias,* 764 S.W.2d 284 (Tex.App.—Waco 1988, orig. proceeding) (suggesting that the trial court may dismiss the condemnation proceeding but reserve jurisdiction over the question of § 21.-019(b) attorney's fees and expenses).

*In the present case, the trial court dismissed* the condemnation proceeding on March 26, 1992. On April 23, 1992, the Rosenthals filed their claim for § 21.019(b) attorney's fees and expenses and requested a

---

3. *E.g.,* TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986), which provides that "[a] person *may* recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for [one of the causes of action enumerated by the statute]." (emphasis added). *See also* Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986); TEX.FAM. CODE ANN. § 11.18 (Vernon 1986).

jury trial. We hold that the Rosenthals timely filed their claim for § 21.019(b) attorney's fees and expenses and that the trial court retained jurisdiction to hear and award such fees and expenses.

We hold that the trial court clearly abused its discretion in denying relators' request for a jury trial on their claim for § 21.019(b) attorney's fees and expenses. Relators are clearly entitled to have a jury determine the amount of reasonable and necessary attorney's fees and expenses mandated by § 21.019(b). *See Landry,* 793 S.W.2d at 284; *Eppoleto,* 764 S.W.2d at 285–86. We further hold that relators do not have an adequate remedy by appeal. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992); *Landry,* 793 S.W.2d at 284; *Eppoleto,* 764 S.W.2d at 286.

We conditionally grant a writ of mandamus directing the trial court to vacate its order of August 5, 1993, and to conduct a jury trial on the Rosenthals' claim for § 21.019(b) attorney's fees and expenses. However, the writ will issue only if the trial court declines or refuses to vacate its August 5, 1993, order and declines or refuses to proceed with a jury trial on the Rosenthals' claim for § 21.-019(b) attorney's fees and expenses.