

NUMBER 13-11-00665-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JACINTO GONZALEZ AND RITA GONZALEZ,                    Appellants,

v.

JESUS M. BORREGO AND JUANITA S. BORREGO,                    Appellees.

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

This case involves a dispute over ownership of property in Edcouch, Texas. By three issues, appellants Jacinto and Rita Gonzalez ("Gonzalez") contend the trial court erred in granting summary judgment in favor of appellees, Jesus M. and Juanita S. Borrego ("Borrego"). Specifically, Gonzalez contends that fact issues exist regarding:

(1) Borrego's affirmative defense that Gonzalez lacks standing; (2) Gonzalez's claims for adverse possession; and (3) Gonzalez's claims for reformation of deed. Because we conclude that the order granting summary judgment is not final for purposes of appeal, we dismiss for want of jurisdiction and remand the cause to the trial court for further proceedings.

## I. BACKGROUND

In June 2005, Gonzalez sued Borrego seeking a declaratory judgment to correct the legal description of certain property owned by Borrego.[1] Gonzalez asserted that an incorrect legal description on warranty deeds conveying property to Borrego created a cloud on the title of property owned by Gonzalez.[2] The parties filed several motions for summary judgment which were denied by the trial court.

Gonzalez's live petition, the 2008 Fourth Amended Petition: (1) asserts that the incorrect legal description created a cloud on the title to lots two and three of the 1992 resubdivision, and that Gonzalez owns or controls lot three[3]; (2) seeks reformation of Borrego's warranty deeds to correct the legal description; (3) asserts a claim of adverse possession to lots one, two, and three of the resubdivision; and (4) asserts a trespass to

---

[1] We note that Gonzalez also sued NationsBank, Elsa State Bank & Trust Co., and Bank of America, all of which were alleged to have liens on the property. None of these entities are parties to this appeal.

[2] Specifically, Gonzalez claimed that a "call" was missing in the legal description of property conveyed by warranty deeds to Borrego. Gonzalez claimed that the correct legal description should have been the North 100 feet of the South 600 feet *of the West 132 feet* of Block 4, Goss Subdivision. The allegedly missing "call" was the "of the West 132 feet." Although unclear from the record before us, Gonzalez claims that the incorrect legal description created a cloud on the title to lot 3 of the resubdivision, which Gonzalez owns or controls as a trustee. We further note that Gonzalez's affidavit, which refers to an attached "sketch" that describes property outlined in various colors is not helpful to this Court because the documents in the record are not in color.

[3] In the section of Gonzalez's brief addressing the issue of standing, Gonzalez claims to own and have control over lots one and three of the resubdivision.

2

try title action to lots one, two, and three of the resubdivision. In February 2009, Borrego filed an answer to Gonzalez's Fourth Amended Petition, in which he: (1) specially excepted to Gonzalez's pleadings; (2) asserted affirmative defenses of limitations and laches; (3) asserted a counterclaim that Gonzalez's suit is frivolous; (4) requested that the court quiet title on Borrego's property; (5) asserted third-party claims against Cynthia I. Zavala and Marco A. Zavala ("Zavala") for encroachment on the Borrego property[4]; and (6) sought damages and attorney's fees.

On July 2, 2009, Borrego filed a traditional motion for summary judgment on grounds that: (1) Gonzalez lacks standing to sue because he is not the owner of the property at issue; (2) Gonzalez's claims are barred by the affirmative defenses of limitations and laches; and (3) Borrego is entitled to summary judgment on his counterclaim asserting ownership of the property. Borrego's summary judgment evidence included the following: (1) Gonzalez's Fourth Amended Petition and Borrego's answer; (2) an affidavit by Jesus M. Borrego; (3) an affidavit by Borrego's counsel; (4) Gonzalez's response to Borrego's motion to compel abstract of title; (5) Gonzalez's responses to Borrego's Request for Admissions; (6) a 2004 survey; (7) a 1972 plat of the property (prior to the resubdivision); (8) a detailed statement of Borrego's attorney's fees; (9) a survey of property; (10) a 1983 warranty deed conveying property from Jose and Olga Reyes to Borrego; (11) a 1980 warranty deed conveying property from the Reyeses to Roberto and Ernestina Martinez; (12) a 1983 warranty deed conveying the same property from the Martinezes to Borrego; and (13) a 1998 warranty deed conveying the same property from several Borrego family members to Jose M. Borrego.

---

[4] The record contains an order severing Borrego's and Gonzalez's claims against each other from claims asserted against other parties.

On February 16, 2010, Borrego filed a memorandum brief in support of his motion for summary judgment.

Approximately a month later, Gonzalez filed a brief in support of his response to Borrego's motion for summary judgment. In his brief, Gonzalez asserted (in response to Borrego's lack-of-standing argument) that he owns lots one and three of the resubdivision; that his claims for reformation of deeds are not barred by limitations because he only learned of the incorrect legal description in 2004; and that his claims for adverse possession are not barred by limitations. Gonzalez also submitted the following "supplemental evidence": (1) a 2002 warranty deed conveying lot two of the resubdivision from Olga Reyes to Gonzalez; (2) a 2002 deed of trust from Gonzalez to International Bank of Commerce regarding the 2002 purchase of lot two; and (3) a 2004 warranty deed conveying lot two of the resubdivision from Gonzalez to Zavala.

In March 2010, Borrego filed the following "supplemental evidence": (1) Jesus M. Borrego's affidavit; (2) a 1994 note from Olga Reyes to Jesus M. Borrego that accompanied a copy of the warranty deed; and (3) a 1995 letter from Olga Reyes's attorney to Borrego stating that the 1983 deeds conveying property to Borrego incorrectly included portions of lots one through four of the resubdivision and requesting that Borrego sign a corrected warranty deed.

On August 18, 2010, the trial court signed an order granting Borrego's motion for summary judgment and denying Gonzalez's motion for summary judgment.[5] The trial court's order did not state the grounds for its ruling. On September 9, 2010, Gonzalez filed a motion for new trial and reconsideration of the order dismissing Gonzalez's

---

[5] We note that no motion for summary judgment filed by Gonzalez appears in the record.

4

claims.[6]  On March 18, 2011, the trial court denied Gonzalez's motion for new trial.  On September 15, 2011, the trial court granted Borrego's motion to sever[7]; specifically, the order states:  "[Borrego's] claims against [Gonzalez] and [Gonzalez's] claims against [Borrego] are hereby severed from this cause and assigned docket number C-1432-05-F-(1)."  This appeal ensued.

## II. JURISDICTION AND FINALITY OF JUDGMENT

### A.    Standard of Review

"Appellate courts must determine, even sua sponte, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue.  When an appellate court concludes it does not have jurisdiction, it can only dismiss the appeal."  *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd*., 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (internal citations omitted); *see M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004)  ("[W]e are obligated to review sua sponte issues affecting jurisdiction.").

An appeal may be taken only from a final judgment.  *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001); *First Nat'l Bank v. De Villagomez*, 54 S.W.3d 345, 347-48 (Tex. App.—Corpus Christi 2001, pet. denied).  A judgment is final if it disposes of all pending parties and claims in the record.  *Lehmann*, 39 S.W.3d at 195; *see also Adame v. Law Office of Allison & Huerta*, No. 13-04-670-CV, 2008 Tex. App. LEXIS 3912, at *4 (Tex. App.—Corpus Christi May 22, 2008, pet. denied) (mem. op.).  An order or judgment entered before a conventional trial on the merits is final for purposes

---

[6] The docket sheet reflects that Gonzalez also filed a supplemental motion for new trial and reconsideration of summary judgment on January 18, 2011, but that motion does not appear in the record.

[7] Borrego's motion to sever is not included in the record.

of appeal if it (1) actually disposes of all claims and all parties before the court or (2) clearly and unequivocally states that it finally disposes of all claims and all parties. *M.O. Dental Lab*, 139 S.W.3d at 673–75; *Lehmann*, 39 S.W.3d at 205.

> [T]he language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final." The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment.

*In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010) (per curiam) (orig. proceeding) (quoting *Lehmann*, 39 S.W.3d at 200). A judgment which states that "[t]his judgment disposes of all parties and all claims in this cause of action and is therefore FINAL" "clearly and unequivocally indicates that it is a final judgment." *Id.*

## B.      Discussion

Here, the order granting Borrego's motion for summary judgment stated in its entirety:

> On this day, came on to be considered the Motion for Summary Judgment of Defendants JESUS M. BORREGO and JUANITA S. BORREGO and the Motion for Summary Judgment of Plaintiffs JACINTO GONZALEZ and RITA GONZALEZ. After reviewing the pleadings, affidavits and responses filed by the parties, the Court was of the opinion that the motion of Defendants should be granted and the motion of Plaintiffs should be denied.
>
> IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendants JESUS M. BORREGO and JUANITA S. BORREGO relating to the Plaintiffs' claims only is hereby GRANTED. Such motion does not address any claims of Third Party Defendants Cynthia I. Zavala and Marco A. Zavala.
>
> IT IS FURTHER ORDERED that the Motion for Summary Judgment of Plaintiffs JACINTO GONZALEZ and RITA GONZALEZ relating to the Plaintiffs' claims only is hereby DENIED. Such motion does

6

not address any claims of Third Party Defendants Cynthia I. Zavala and Marco A. Zavala.

In Gonzalez's First Supplemental Motion for New Trial and Reconsideration of Summary Judgment, he asserted, among other arguments, the following:

On August 18, 2010, this court entered a summary judgment dismissing plaintiffs' claims against defendants Jesus M. Borrego and Juanita S. Borrego. However, it did not address the claims involving third-party defendants Cynthia I. Zavala and Marco A. Zavala. The summary judgment order also does not appear to address any of defendant Borregos' claims for judgment declaring their ownership of the real estate in question and for judgment for monetary damages, attorney's fees, and costs. The summary judgment order should address these claims of the Borregos.

We agree with Gonzalez that the order granting summary judgment does not address Borrego's claims for affirmative relief. The order specifically states that it is granting judgment in favor of Borrego "relating to [Gonzalez's] claims only." Although the trial court's later severance order severed "[Borrego's] claims against [Gonzalez] and [Gonzalez's] claims against [Borrego]" from the claims against Zavala, the summary judgment order disposed only of Gonzalez's claims against Borrego; it did not address Borrego's counterclaims for affirmative relief. As noted above, Borrego's February 26, 2009 "Answer to Plaintiffs' Fourth Amended Petition, Special Exceptions, Affirmative Defense, Counterclaim, Laches, and Cloud on Title" asserted, among other things: (1) that Gonzalez's suit was "groundless and frivolous, brought in bad faith for the purpose of harassment"; (2) requested the court to quiet title and remove the cloud on title "due to the infringement by [Gonzalez]"; (3) that because of Gonzalez's "conduct and fraudulent act, the property is now in the name of others" and requested damages in the amount of "$175,000.00 for value of the real property and for loss of sale of the real property and for mental anguish"; (4) requested attorney's fees in the amount of

7

$10,000, plus an additional $15,000 for an appeal to this Court and an additional $20,000 in the event of appeal to the Texas Supreme Court; and (5) requested the imposition of sanctions against Gonzalez for filing a frivolous lawsuit.

To assert a claim for affirmative relief, a defendant must assert a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief. *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990). Whether a pleading is an affirmative claim for relief is determined by the facts alleged, not the name given the plea or the form of the prayer for relief. *Quanto Int'l Co. v. Lloyd*, 897 S.W.2d 482, 487 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). Texas courts have identified certain claims that qualify as affirmative claims, such as those asserted by Borrego, including a cross-action to quiet title, *see Howe v. Central State Bank*, 297 S.W. 692, 693 (Tex. Civ. App.—Austin 1927, writ ref'd), and requests for attorney's fees and expenses, *see Rosenthal v. Ottis*, 865 S.W.2d 525, 528 (Tex. App.—Corpus Christi 1993, orig. proceeding). Accordingly, Borrego's claims are claims for affirmative relief which were not disposed of by the trial court's order granting summary judgment.

We conclude that the order is not final for purposes of appeal because it does not (1) actually dispose of all claims and all parties before the court or (2) clearly and unequivocally state that it finally disposes of all claims and all parties. *See M.O. Dental Lab*, 139 S.W.3d at 673-75; *Lehmann*, 39 S.W.3d at 205.

### III. CONCLUSION

8

Because we conclude the order granting summary judgment is not final for purposes of appeal, we dismiss the appeal for want of jurisdiction and remand to the trial court for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
9th day of August, 2012.