**Conditionally Granted and Opinion Filed November 14, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00685-CV

### IN RE STATE OF TEXAS, Relator

**Original Proceeding from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-00600-2016**

# MEMORANDUM OPINION
Before Justices Lang, Myers, and Whitehill
Opinion by Justice Myers

The underlying proceeding involves a condemnation matter between the State of Texas and various defendants, including the real party in interest Energy Transfer Fuel, L.P. ("ETF"). This original proceeding arose following the trial court's entry of final judgment on May 12, 2017 and subsequent entry of two modifications of that judgment. In this original proceeding, the State maintains that the May 12, 2017 judgment was final and all subsequent orders and judgments are void because they were signed outside of the trial court's plenary power. The State seeks a writ of mandamus vacating the subsequent orders and judgments and reinstating the May 12, 2017 judgment. We requested a response, which ETF filed. After reviewing the petition, the response, and the mandamus record, we conclude the State is entitled to the relief requested and conditionally grant the writ of mandamus.

**Background**

The underlying dispute arose from a condemnation proceeding related to a Texas Department of Transportation ("TxDOT") road-widening project near U.S. Highway 75 in Collin County. ETF owns a natural gas pipeline easement that runs perpendicular to U.S. Highway 75. The State condemned part of ETF's easement for the TxDOT project. The property acquired by the State was in several parts but was cumulatively referred to as Parcel 18 and Parcel 20. The resulting litigation proceeded under two separate cause numbers in County Court at Law Number 6, both styled *State v. Viola Lordsmeer, L.P., et al*. The value of Parcel 18 was litigated in cause number 06-00545-2016, and the value of Parcel 20 was litigated in cause number 006-00600-2016.

ETF and TxDOT executed a joint use agreement and, on April 3, 2017, the State nonsuited its claims against ETF and moved for an order dismissing ETF from the lawsuit in both underlying proceedings. A joint jury trial of both condemnation suits began on May 1, 2017 regarding the values of Parcel 18 and Parcel 20. A jury returned a verdict on May 5, 2017, and the trial court signed a final judgment in each condemnation suit on May 12, 2017. The May 12, 2017 judgments specifically ordered ETF dismissed from the cases and included the following finality language:

> This Judgment is a final judgment as to all claims of all parties to this action and is appealable.

> All other relief not expressly granted in this Judgment is denied.

**A.     ETF's claim for fees**

On May 5, 2017, ETF filed a notice of claim for attorney's fees in which ETF gave notice of its claim for statutory attorney's fees and requested that the court "set a hearing to receive evidence on ETF's reasonable and necessary attorneys' fees and expenses incurred prior to its dismissal pursuant to Texas Property Code § 21.019 and § 21.0195." As noted above, the trial court signed final judgments on May 12, 2017 that rendered judgment on the jury verdict, denied all relief not expressly granted, and dismissed the claims against ETF in both condemnation

–2–

proceedings. Then, on May 17, 2017, ETF filed fee affidavits from its counsel Robert Scott Moran and John Baker that set out and proved up the reasonable and necessary attorney's fees incurred by ETF prior to the nonsuit. The trial court signed an order denying ETF's request for fees on July 6, 2017.

## B.     The modified judgments

On July 5, 2017, ETF filed motions to vacate and modify the May 12, 2017 judgments. ETF conceded in the motions that the court's plenary period began running on May 12, 2017. The trial court heard the motions to vacate and modify on August 4, 2017. In an August 9, 2017 written order, the trial court granted ETF's motions to vacate the May 12, 2017 judgment and awarded ETF statutory attorney's fees. Over the next six months, the trial court signed the following orders and modified judgments:

- August 23, 2017 order correcting the amount of fees awarded to ETF;

- August 25, 2017 modified judgment rendering judgment for the State on the jury verdict, dismissing ETF from the case, and awarding ETF $11,074.32 in statutory attorney's fees;

- November 8, 2017 order granting the State's motion to vacate the August 25, 2017 modified judgment, vacating the August 9, 2017 and August 23, 2017 fees orders, vacating the August 25, 2017 modified judgment, and noting that May 12, 2017 judgment is the "operative final judgment";

- January 22, 2018 order granting ETF's motion to vacate the November 8, 2017 modified judgment and vacating that judgment; and

- February 1, 2018 Second Modified Judgment, which included an award of attorney's fees to ETF.

## C.     The parties' arguments in this proceeding

In this original proceeding, the State argues that all orders and judgments signed after May 12, 2017 are void because they were signed outside of the trial court's plenary power.[1] The State makes two arguments to support its request for relief.

---

[1] The State has filed a separate mandamus petition challenging the judgment issued in trial court cause number 006-00545-2016. That original proceeding is pending in this Court as cause number 05-18-00686-CV, *In re the State of Texas*. Although the issues and material facts raised in cause number 05-18-00686-CV are identical to those raised by the State in this original proceeding, the Court will treat the proceedings as separate

First, the State argues that the trial court's plenary period expired on Monday, June 12, 2017 because the May 12, 2017 judgment was a final, appealable order and no motion for new trial or motion to modify the judgment was filed within thirty days of the May 12, 2017 judgment. *See* TEX. R. CIV. P. 4; TEX. R. CIV. P. 329b(d). The State maintains that any orders on ETF's request for fees were required to be signed within thirty days of the May 12, 2017 judgment.

Second, and in the alternative, the State argues that the trial court's plenary period ended Monday, August 7, 2017, which is thirty-two days after the trial court's July 6, 2017 order denying ETF's request for statutory fees. *See* TEX. R. CIV. P. 4. Under this alternative argument, the State presumes that ETF's May 5, 2017 request for statutory fees should be treated as a prematurely filed motion to modify the May 12, 2017 judgment. Under this scenario, the plenary period expired on August 7, 2017, which is the Monday after the expiration of thirty days following the denial of the only timely–filed post-judgment motion. *See* TEX. R. CIV. P. 4; TEX. R. CIV. P. 329b(e), (g). The State avers that, as a result, any order modifying the May 12, 2017 judgment signed after August 7, 2017 is void.

ETF maintains, however, that the trial court did not act outside its plenary power because the May 12, 2017 order was not final until the court ruled on ETF's fees request. Under ETF's analysis, the trial court's plenary period began to run when the trial court denied the fees request on July 6, 2017; ETF's July 5, 2017 motion to vacate and modify the May 12, 2017 judgment extended the plenary period because it was premature but timely filed; and the August 25, 2017 modified judgment was timely rendered. *See* TEX. R. CIV. P. 329b.

ETF also argues that the State has an adequate remedy on appeal because the State filed an appeal before filing the petition for writ of mandamus. This Court abated that appeal in order to

proceedings because the State has filed separate petitions for writ of mandamus, and the trial court issued separate judgments for each cause number below.

–4–

first decide this original proceeding. And, as discussed below, we have concluded this case is properly reviewed through mandamus because the modified judgments were issued outside of the trial court's plenary power and are void. As such, the State's appeal is now moot. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding) (mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because such an order is void).

ETF further avers that this original proceeding is barred by laches because the State waited too long to seek mandamus relief. We disagree. The record shows that the underlying case quickly became a procedural quagmire after the trial court signed the May 12, 2017 judgment. The State took necessary steps below to preserve its rights as to each order signed in the nearly nine months following trial. Nothing in the record indicates a delay by the State in seeking relief or any prejudice suffered by ETF.

## Standard of Review

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because such an order is void. *In re Brookshire Grocery Co.*, 250 S.W.3d at 68; *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

## Applicable Law

A trial court retains jurisdiction for thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d) ("[R]egardless of whether an appeal has been perfected," trial court retains "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed"). The parties may extend that plenary power by timely filing an

appropriate post-judgment motion. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). A motion for new trial, a motion to modify, vacate, or reform the judgment, and a motion for judgment notwithstanding the verdict extend a court's plenary period until thirty days after the motion is overruled if the motion is filed within thirty days of the date the judgment is signed. TEX. R. CIV. P. 329b(e), (g); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) ("the filing of a motion for new trial or to modify the judgment, before the judgment is signed or within thirty days after, extends the deadline for filing a notice of appeal to ninety days").

A request for fees in a condemnation proceeding under section 21.019 of the property code also extends the court's plenary period. *See Rosenthal v. Ottis*, 865 S.W.2d 525, 528 (Tex. App.—Corpus Christi–Edinburg 1993, no writ). Section 21.019(b) provides:

> (b) A court that hears and grants a motion to dismiss a condemnation proceeding made by a condemnor under Subsection (a) shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.

TEX. PROP. CODE ANN. § 21.019(b). In *Rosenthal*, the Corpus Christi–Edinburg Court of Appeals concluded that a property owner's claim for fees under section 21.019(b) does not accrue until the condemnation proceeding is dismissed and the request for fees extends the court's plenary period "to hear and award such fees and expenses" if the request for fees is filed within thirty days of the date of dismissal. *Rosenthal*, 865 S.W.2d at 528–29. The court further determined that the trial court retains jurisdiction to decide a timely filed fees request under section 21.019 "as in any other case in which an unadjudicated claim remains pending after dismissal." *Id.* at 528.

**Application of Law to Facts**

The May 12, 2017 judgment was signed after a jury trial and includes finality language. It is, therefore, presumed final for purposes of appeal. *Vaughn v. Drennon*, 324 S.W.3d 560, 561

(Tex. 2010) ("Under the *Aldridge* presumption, any judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal.") (citing *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966)). "A judgment following a conventional trial on the merits need not dispose of every party and claim for the *Aldridge* presumption of finality to apply." *Vaughn*, 324 S.W.3d at 561. Here, the judgment disposed of all claims and parties, including ETF.

ETF's fees claim, however, did not accrue until the claims against it were dismissed in the May 12, 2017 judgment. *See Rosenthal*, 865 S.W.2d at 528. A trial court retains jurisdiction to determine the fees claim brought under section 21.019 if the request for fees is filed within thirty days of the dismissal order. *Id.* Here, the May 5, 2017 notice of claim requested the statutory hearing and was premature but timely under *Rosenthal*. We conclude ETF's notice of attorney's fees claim should be treated as a post-judgment motion that extended the trial court's plenary power, rather than as an unadjudicated claim, because the final judgment includes finality language, denies all relief requested that is not specifically granted, and the section 21.019 motion is one that a trial court has jurisdiction to address after a dismissal. ETF's July 5, 2017 motion to modify did not extend the plenary period because it was not filed within thirty days of the date of judgment. *See* TEX. R. CIV. P. 329b(a),(g). ETF's fee request is the only motion filed within thirty days after the May 12, 2017 judgment and is, therefore, the only motion that extended the trial court's plenary period. *See* TEX. R. CIV. P. 329b(a),(e),(g). The trial court denied the fees request on July 6, 2017. As such, the trial court's plenary power ended August 7, 2017, which is which is the Monday after the expiration of thirty days following the denial of the only timely filed post-judgment motion. *See* TEX. R. CIV. P. 4; TEX. R. CIV. P. 329b(e), (g). The trial court signed all of its modified judgments after August 7, 2017. They are, therefore, void.

**Conclusion**

Under this record, we conclude that the State is entitled to the relief requested. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to issue written orders vacating all orders and judgments signed after August 7, 2017 in trial court cause number 006-00600-2016 and reinstating the May 12, 2017 judgment in trial court cause number 006-00600-2016. We are confident the trial court will comply with this opinion and accompanying order. A writ will issue if the trial court does not so comply.

/Lana Myers
LANA MYERS
JUSTICE

180685F.P05