F. M. WEAVER v. W. L. & G. J. SIMMONS.

Delivered January 9, 1897.

**Contract—Writing Not Delivered—Validity.**

Where parties enter into mutual engagements, intending that the contract shall be in force and of binding effect from that time, there is a valid contract; and this although there is a writing drawn up and signed at the same time, but never delivered.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Seth W. Stewart*, for appellant.

*Capps & Cantey*, for appellees.

STEPHENS, ASSOCIATE JUSTICE.—On the 26th day of November, 1894, at Fort Worth, Texas, F. M. Weaver and W. L. and George J. Simmons signed, and caused R. N. Graham to witness, the following contract:

"State of Texas,

"Tarrant County.

"This agreement, made and entered into by and between W. L. and George J. Simmons, party of the first part, and F. M. Weaver, of the second part, witnesseth:

"First, That the said F. M. Weaver obligates and binds himself to deliver said W. L. and George J. Simmons from 1600 to 1800 head steer yearlings, f. o. b. cars either at Sulphur Springs or Black Jack Grove, said yearlings to be full age. by June 1, 1895; and no Jersey cattle, or one-eyed swaybacks, or other crippled cattle, to be included in this delivery. Said Weaver is to furnish hands to throw said yearlings, and said W. L. or Geo. J. Simmons, or their agents, to brand same. Said W. L. and Geo. J. Simmons to pay said Weaver ($7.75) seven dollars and seventy-five cents per head for same, and to advance $2.50 per head on same now, and balance when cattle are delivered. Said Weaver is to give bond for money advanced, as principal, and either J. L. Whitworth, P. H. Foscue, or First National Bank of Sulphur Springs, as sureties; and, if said Weaver fails to deliver said cattle, he is to refund all monies advanced, and $2.50 per head as stipulated damages. Said cattle are to be an average of or with Hopkins County cattle; and said W. L. and Geo. J. Simmons agree to pass on, or have an agent pass on, 1000 head of said cattle, as they are delivered to him, or dictate to said Weaver how he shall cut same. Said cattle are to be delivered between the 8th and 12th days of April, 1895. Now, should the said F. M. Weaver only deliver 1600 head of cattle, it shall be a

fulfillment of this contract; but, should he deliver the whole 1800 head, the said W. L. and Geo. J. Simmons agree to take them.

"This November 26, 1894.

"F. M. WEAVER,
"W. L. and GEO. J. SIMMONS.

"Witness: R. N. Graham."

It was then taken by Weaver to Hopkins County, for the purpose of having its fulfillment guaranteed by one of the persons therein named, which was accordingly done, in the terms following: "I hereby guaranty the fulfillment of the above contract. Phil. H. Foscue." He, however, subsequently abandoned the undertaking, and failed to return the contract thus guaranteed, as was contemplated at the time it was entered into.

Inasmuch as no formal delivery of the writing was ever made, though both parties were present when it was signed, and then understood that it was to take effect at once as their contract, and afterwards, by their conduct, gave it this practical construction, it is insisted on the part of appellant that it did not take effect and have the force of a contract; and this is the controlling issue in the case. In submitting it, the court gave the following charge, which we think was a correct interpretation of the law, as applied to the facts developed on the trial, towit: "You are instructed that the form of the contract read in evidence is sufficient to make a binding obligation on the parties, if the same was ever delivered to plaintiffs, or any one for them, or if the parties intended or understood at the time they signed it that the same should be in force and of binding effect from that time; so far as related to the question of the obligation to deliver the 1600 head of cattle. But, notwithstanding its form, it would not be a binding obligation on the parties if the same was neither delivered to the plaintiffs nor any one for them, nor intended nor understood at the time that it should be in force and of binding effect from that very time. If the contract was never delivered, and the parties did not understand that it should be in force from that time, but understood that before it became binding the defendant, Weaver, should first go and get a guaranty on the same, and deliver the same, and that it should then be in force, then it was not completed; and, if never delivered by defendant after the guaranty was secured thereon, the same never became of binding force."

The jury found, in response to special issues tendered, that there had been no delivery of the contract, but that it was the understanding of both parties at the time it was signed that it was to take effect as their contract at that time, and be in force from that date, and that they did not understand that it was only to take effect when secured by bond or guaranteed as therein provided. These special findings are sustained by the evidence, and we adopt them as our conclusions of fact.

It follows as a conclusion of law, we think, that appellant was guilty of a breach of this contract, both in his failure to have it guaranteed as he undertook to do, and in his failure to deliver the cattle which he

bound himself to deliver as therein stipulated. The well recognized principle, in support of which so many authorities have been cited by appellant, that a written instrument is not complete and does not take effect until it has been delivered, is not applicable to a case like this, where parties meet, and enter into mutual engagements, with the understanding at the time that they have bound themselves to perform these engagements, and, in evidence thereof, reduced the same to writing, and have it witnessed as a binding contract. Green v. Cole, 15 S. W. Rep., 317.

It is not the case of the preparation of a writing to be delivered or to take effect in future. It is true, the mutual undertakings were to be performed in the future, as is the case in all executory contracts; but the understanding was that the contract was then and there made, and not that it was to be made in the future, but only that it was to be performed in the future.

We conclude that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.