TEMPLEMAN et al. v. CLOSS.
(No. 7640.)

(Court of Civil Appeals of Texas. Galveston. March 6, 1919.)

1. SALES ⬤⟐85(1) — AGREEMENT TO MAKE SECURITY DEPOSIT—FAILURE.

Where the seller of cotton left the contract in the hands of the buyer's agent, who nego-tiated it, with the understanding by both parties that it should not become effective as a binding agreement until each party had made deposit of an agreed amount as security, the failure of either party to make the deposit released the other from the obligation of the contract.

2. CONTRACTS ⬤⟐42—DELIVERY OF CONTRACT —COPY TO SELLER.

The validity of a contract for the sale of cotton was not affected by the fact that the seller did not obtain a copy thereof, and it was not a condition to the buyer's recovery, as for seller's breach, that seller have obtained such copy; the general rule as to delivery of written instruments not requiring that a copy or duplicate of a mutual agreement be delivered to each of the parties to render the agreement effective.

3. SALES ⬤⟐89 — RIGHT TO SECURITY DEPOSIT—GUARANTY.

If there was no agreement by the seller of cotton to accept a third person's guaranty in lieu of a deposit by the buyers, he was not required, to preserve his right to insist on the deposit, to reply to the letter of the buyers' agent inclosing a purported copy of the contract signed by the third person as guarantor, and the seller could not assume, from the seller's failure to reply to the letter, that he had accepted the guaranty in lieu of the deposit.

Appeal from District Court, Madison County; S. W. Dean, Judge.

Suit by R. B. Templeman and Ward Templeman against J. T. Closs. From judgment for defendant, plaintiffs appeal. Reversed and remanded.

W. W. Meachum, Jr., L. C. Kemp, and McDonald Meachum, all of Houston, for appellants.

T. J. Ford, of Madisonville, and Dean, Humphrey & Powell, of Huntsville, for appellee.

PLEASANTS, C. J. This suit was brought by appellants against appellee to recover damages for the alleged breach by appellee of a contract executed by appellee and A. H. Keefer, as agent for appellants, for the sale and delivery of 50 bales of cotton. The contract was as follows:

"North Zulch, 8-4-1915.
"Bot of Tom Closs 50 bales of cotton, delivered North Zulch during October, 1915, at 8c middling basis. [Signed] A. H. Keefer. Guaranty, A. L. Lipscomb. Witness: W. Garland. Affirmed by J. T. Closs."

Appellants allege substantially that by the execution and delivery of the said contract they purchased, through their said agent, of appellee 50 bales of cotton at 8 cents per pound, basis middling, and the said appellee sold the same to appellants at the stipulated price of 8 cents per pound, basis middling, appellee to deliver said cotton to their

---

⬤⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

agent at North Zulch in Madison county, Tex., during the month of October, 1915; that appellants were cotton buyers, and at the date aforesaid and long prior thereto were engaged in buying and selling cotton, having their principal place of business at Navasota, Tex., but their agent, A. H. Keefer, was located at North Zulch in Madison county, Tex., where the contract was made; that appellee had been growing and selling cotton in the bale for many years prior to said contract in Madison county and adjacent counties; that under the general custom and long-established usage among buyers and sellers of cotton in Madison and adjacent counties it was understood that a bale of cotton when sold for future delivery meant 500 pounds of cotton, or a total for the 50 bales set forth in the contract of 25,000 pounds; that appellants agreed to pay appellee 8 cents per pound for said cotton, basis middling, a total of $2,000; that the market price of said cotton at the time and place when and where appellee agreed to deliver the same was $11^3/8$ cents per pound, or a total price upon the said 50 bales of $2,843.75, leaving a balance due and owing appellants by appellee upon said contract, by reason of his alleged breach thereof, the sum of $843.75. Appellants further allege their ability and willingness to have taken and paid for said cotton under the contract and the failure and refusal of appellee to deliver the same as required by said contract.

The appellee answered by general demurrer and general denial, and specially denied that Keefer was the agent of appellants in making said contract, and denied the right of appellants to recover thereon. He further pleaded:

"For further special answer to said petition, the defendant says that it is true that, on or about the 4th day of August, A. D. 1915, one A. H. Keefer did prepare a memorandum of an agreement which the said Keefer proposed to enter into with this defendant for the purchase of 50 bales of cotton in terms as follows:

" 'North Zulch, Texas, 8–4–15. Bot of Tom Closs 50 bales of cotton, delivered North Zulch during October, 1915, at 8c middling basis. [Signed] A. H. Keefer. Affirmed by [Signed] J. T. Closs.'

"But the defendant avers that the said memorandum, at the time it was written and signed by the said Keefer and affirmed by this defendant, was not then guaranteed by A. L. Lipscomb, as set forth in plaintiffs' petition; nor was the same then or thereafter delivered to this defendant; nor did this defendant agree to accept the guaranty of A. L. Lipscomb to assure performance of said contract by said Keefer; and the defendant further alleges that said contract was not to be delivered or to become effective as a contract unless and until both the said A. H. Keefer and this defendant deposited the sum of $5 per bale on the 50 bales of cotton referred to therein; that is to say, until the said A. H. Keefer and this defendant had each deposited as a guaranty of his good faith and

to assure compliance with said memorandum the sum of $250; and it was understood and agreed, by and between the said Keefer and this defendant, that such mutual deposit of $250 each by them was condition precedent to the taking effect of said contract. In this connection this defendant avers that neither the said Keefer nor himself ever made any deposit of the $250 as agreed upon between them to make said contract effective. Wherefore said contract did not become effective at all, and is not in fact a contract, and the plaintiffs are not entitled to recover anything herein of this defendant based upon the alleged breach of said contract, and of this the defendant puts himself upon the country and prays judgment of the court that he go hence without day and recover of plaintiffs all costs in this behalf incurred."

The trial in the court below with a jury resulted in a verdict and judgment in favor of the defendant.

The undisputed evidence shows that appellee and Keefer executed the written instrument declared on by the petition. Appellee testified in substance that at the time he signed the contract and left it in Keefer's possession it was understood and agreed that it was not to become effective or binding upon either party until each had deposited the sum of $5 per bale on said 50 bales of cotton to guarantee the performance of the contract, and that he did not agree to accept the guaranty of Mr. Lipscomb in lieu of the deposit of $5 per bale. Keefer testified that the first agreement between him and appellee was that each would make the deposit of $5 per bale, but that at the time the contract was signed by appellee and left with him appellee agreed to take Lipscomb's guaranty in lieu of the deposit. Appellee says that Keefer proposed to him to have the contract guaranteed by the bank, but did not mention Lipscomb's name, and that he, appellee, did not agree to accept any guaranty in lieu of the deposit, and that when he signed the contract and left it with Keefer the understanding was that "I was to come back over there and put up the money." Appellee did not return to North Zulch to make his deposit, and no deposit was made by either party.

On the same day the contract was signed, and a very short time thereafter Keefer procured Lipscomb's guaranty of the contract. About three weeks after the contract was signed Keefer wrote appellee the following letter:

"North Zulch, Texas, 8–27–1915.

"Mr. J. T. Closs, Bryan, Texas—Dear Sir: I herewith confirm contract given me 4th day of Aug. for fifty bales delivered during Oct. 1915.

" 'Contract.

" 'North Zulch, Texas, 8–4–1915.

" 'Bot of T. J. Closs 50 bales cotton delivered North Zulch, Texas, during Oct. 1915 at 8c basis middling Galveston differences at time of delivery for grades above and below. [Signed]

A. H. Keefer. Guaranty: A. L. Lipscomb. Witness: W. Garland.'

"This is duplicate of one signed while you were here and am having the cashier of this bank guarantee same for me as per your request.

"The reason I have not sent this sooner was I was looking for you over here. You may keep this for your guarantee.

"A. H. Keefer."

Appellee testified that in August, 1915, a few days after the receipt of this letter, he informed Keefer that he was not bound by the contract, and would not deliver the cotton. Keefer testified that he heard nothing from appellee, and did not know that he would not deliver the cotton until after the time for its delivery had passed.

Appellee failed to deliver the cotton in accordance with the terms of the contract.

The market price of cotton in North Zulch during the month of October, 1915, was several cents per pound higher than the price named in the contract of sale.

For the purpose of making clear the questions hereinafter discussed and decided, the foregoing is believed to be a sufficient statement of the pleading and evidence. We shall not discuss in detail the various assignments of error presented in appellants' brief, and will only decide what we regard as the material question presented by the record.

We cannot agree with appellants that upon the pleading and evidence above set out the trial court should have instructed a verdict in their favor.

[1] Notwithstanding the fact that the contract, which was unambiguous and complete in so far as the terms of the sale were concerned, was signed by both parties and was left by appellee in the possession of Keefer, if it was understood by both parties at the time the contract was executed that it should not become effective as a binding agreement until each party had made deposit of the agreed amount as security for its performance, the failure of either party to make the agreed deposit would release the other from the obligations of the contract. The obligations to make the deposit being the same as to each of the parties, if neither complied therewith, the contract never became binding as to either. If the contract had been left in possession of a third person under the agreement pleaded by appellee, it would hardly be questioned that it would not have become a binding contract until the agreement as to the deposits had been complied with, and we do not think the fact that, instead of placing it in the hands of a third person, appellee left it in the possession of Keefer would have the effect of destroying or rendering nugatory the agreement that it should not become binding unless the deposit was made.

In submitting the case to the jury the court gave them the following instruction:

"If you find from a preponderance of the evidence that the defendant, J. T. Closs, agreed at the time of the execution of the alleged contract, or prior thereto, that he would accept A. L. Lipscomb as guarantor of the said alleged contract, and that upon the signing of same by A. L. Lipscomb as guarantor the said alleged contract was complete, then you are directed to find for the plaintiff, unless you find that the said alleged contract was to be delivered to the defendant, but, if you so believe, you will find for the defendant, unless you find that the letter and purported copy of said alleged contract, dated August 27, 1915, was a substantial copy of the same, and put the defendant, J. T. Closs, on notice that the said alleged contract of date 8/4/1915 between A. H. Keefer and J. T. Closs had been guaranteed by the said A. L. Lipscomb."

The court refused to give the jury the following special instruction requested by plaintiffs:

"You will not consider any alleged defense on the part of the defendant to the effect that the alleged contract was not, at the time it was written and signed by A. H. Keefer and affirmed by the defendant, or thereafter delivered to the defendant, as under the facts of this case such alleged defense would afford no ground which would authorize you to find for the defendant."

Under appropriate assignments of error the appellants complain of the charge given by the court above set out, and of the refusal of the court to give the requested instruction. We think both of these assignments should be sustained.

[2] No delivery of the contract or a copy thereof to the defendant was required to make it a binding obligation. The general rule as to delivery of written instruments does not require that a copy or duplicate of a mutual agreement be delivered to each of the parties in order to render the agreement effective. Weaver v. Simmons, 15 Tex. Civ. App. 154, 38 S. W. 1140. There was no allegation in defendant's pleading that it was agreed by the parties that the contract should not become effective unless defendant was furnished a copy thereof, and no evidence of such an agreement. There is some testimony to the effect that defendant thought the contract would not be binding unless he had a copy, and Keefer testified that he did not know there was any understanding that he was to give the defendant a copy of the contract, "but he was to come up the next week and receive a copy of it." It was doubtless understood by both parties that appellee should have a copy of the contract, but the validity of the contract would not be affected by the fact that appellee did not obtain a copy thereof, and the charge placed a condition upon appellants' right to recover not sanctioned by the law nor supported by the pleading or evidence.

[3] The court did not err in refusing to instruct the jury to find for the plaintiff on

the ground that defendant had waived or was estopped from asserting the defense that the contract was not to become binding unless the deposits were made. Plaintiffs did not plead waiver or estoppel, and if such plea had been presented there was no evidence to support it. If there was no agreement on the part of defendant to accept Lipscomb's guaranty in lieu of the deposit, he was not required, in order to preserve his right to insist on the deposit, to reply to Keefer's letter inclosing a purported copy of the contract signed by Lipscomb as guarantor, and Keefer could not assume from defendant's failure to reply to the letter that he had accepted the guaranty in lieu of the deposit.

What we have said disposes of all the material questions presented by the record.

Because of the error in the court's charge above pointed out we are of opinion that the judgment of the court below should be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes