Walter T. ALLEN, Jr., Appellant,

v.

Arthur WACHTENDORF and Patsy
Hickey Barlow, Appellees.

No. 13–96–161–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 5, 1998.

Rehearing Overruled March 5, 1998.

Raymond H. Reese, County Atty., Cuero, for Appellant.

Michael Meier, Kelly, Marr, Meier & Hartman, Victoria, for Appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

After Dorothy P. Allen ("Allen") died, her son, Walter T. Allen, Jr., claimed a right of survivorship in a certificate of deposit ("CD"). Appellees, Arthur Wachtendorf[1] and Patsy Hickey Barlow,[2] contended that no right of survivorship existed in the CD. Both sides filed motions for summary judgment, and the trial court granted appellees' motion. By two points of error, appellant, Walter T. Allen, Jr., contends the trial court erred in denying his motion for summary judgment and in granting appellees' motion for summary judgment. We reverse the trial court's summary judgment, grant appellant's motion for summary judgment, and render judgment in favor of appellant.

Allen died testate on March 24, 1995. At the time of her death, Allen was the coholder, with appellant, of account no. 48–010992–6 at the Cuero Federal Savings and Loan Association with a balance of $71,181.54. The account was opened on January 20, 1995, and consisted of a CD which was rolled over from a previous account Allen held jointly with appellant. A new signature card, consisting of two pages, was prepared by Dorothy Rawlings, then a Cuero Federal Savings officer, and signed by both Allen and appellant. On the face of the first page of the signature card, Allen initialed the account-type selection box designated "Multiple Party Account—With Survivorship." There is no oth-er language on this page defining the types of accounts.

After Allen's death, her will, which appointed appellant as executor, was admitted to probate, and letters testamentary were issued to appellant on September 15, 1995. On the same day, appellees filed a Petition for Declaratory Judgment and Application for Order for a Correct Inventory, Appraisement and List of Claims. Appellees contended that no right of survivorship existed in account no. 48–010992–6 and sought an order to include the account in the inventory of Allen's estate. Appellant answered with a general denial and counter-claimed for a declaration that the funds in the account were his separate property by right of survivorship in his favor and not to be included in the inventory of Allen's estate.

Appellees moved for summary judgment, arguing their summary judgment evidence established that under section 439 of the Texas Probate Code, no right of survivorship had been created. As summary judgment evidence, appellees attached their personal affidavits, the affidavit of Dorothy Cooley, an officer at Cuero Federal Savings, copies of the signature card and the CD, and referred to the pleadings on file.

Appellant responded to appellees' motion for summary judgment and filed a motion for summary judgment on his counterclaim. Appellant contended that the evidence established precisely the opposite of what appellees asserted. He also cited section 439(a) of the Texas Probate Code and case law interpreting that section. Appellant argued that the summary judgment evidence clearly established the existence of a right of survivorship in himself.

After hearing argument on the motions, the trial court granted appellees' motion for summary judgment and denied appellant's motion for summary judgment.

■■■ When both parties move for summary judgment and one motion is granted and the other is overruled, the appellate court should consider all questions presented to the trial court, including whether the los-

---

**1.** Allen's other son.

**2.** Allen's stepdaughter.

ing party's motion should have been over-ruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). Each party must carry his own burden as the movant and, in response to the other party's motion, as the non-movant. *James v. Hitchcock Indep. Sch. Dist.,* 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). To prevail, each party bears the burden of establishing that he is entitled to judgment as a matter of law. *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993). When both parties move for summary judgment, the appellate court has the authority to (1) affirm the judgment, (2) reverse the judgment and render the judgment that the trial court should have rendered, or (3) reverse the judgment and remand the case to the trial court for further proceedings. *Members Mut. Ins. Co. v. Hermann Hosp.,* 664 S.W.2d 325, 328 (Tex.1984).

■ In order to sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.,* 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985). In reviewing the summary judgment evidence, we are only allowed to review the summary judgment evidence on file at the time of the hearing. *Kehler v. Eudaly,* 933 S.W.2d 321, 325 (Tex. App.—Fort Worth 1996, writ denied). Statements of facts and arguments made at the hearing are not considered on appeal from the granting of a summary judgment. TEX.R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

Certain facts are undisputed in this case. Allen opened and funded account no. 48–010992–6 at Cuero Federal Savings. Both Allen and appellant are named as the joint account owners. Under "Ownership of Account," Allen's initials are next to the choice for "Multiple Party Account—With Survivorship" which is also marked with two Xs. The signatures of both Allen and appellant appear on page 1 of the signature card. Above the signatures is stated, "SIGNATURE(S)— THE UNDERSIGNED AGREE(S) TO THE TERMS STATED ON PAGES 1 AND 2 OF THIS FORM, AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY ON TODAY'S DATE...."

The trial court's judgment does not specify the ground or grounds relied on for its ruling. Because all parties agreed that a signed, written instrument existed, the only ground for summary judgment before the trial court was whether the language contained on the signature card opening account no. 48–010992–6 was sufficient to create a right of survivorship in appellant.

For the first time, on appeal, appellees contend that the signature card consisted of only one page, that signed by Allen and appellant. They acknowledge that a second page is referred to, but argue that it should not be considered because it is unidentified, is not attached to page 1, and there is no evidence showing that Allen ever saw it. In their summary judgment evidence, appellees presented the affidavit of Dorothy Cooley, an officer of Cuero Federal Savings, who conclusively identified the two pages of the signature card and explained the bank's normal practices in opening accounts and maintaining records.[3] Her testimony was uncontroverted. Appellees cannot now attempt to disavow the proof they presented to the trial court to establish their entitlement to summary judgment.

The affidavit testimony of Dorothy Cooley establishes several facts concerning the signature card at issue here. The card consists of two pages. The original page 1, with the parties' original signatures, is maintained by Cuero Federal Savings. Because the second

---

3. The affidavit of Dorothy Rawlings, the officer of Cuero Federal Savings who actually opened the account, confirms that the signature card consists of two pages, the second of which is entitled "Account Terms and Conditions." A copy of page 2 was included in the summary judgment evidence submitted by appellees and acknowledged to be related to account no. 48–010992–6.

page, the terms and conditions of the deposit agreement, is standard for all signature cards, the bank maintains the original on computer storage media rather than an identical hard copy for each account. No signatures or other marks are made or required on the second page. It is the usual practice of Cuero Federal Savings to give account holders copies of both pages of the agreement.

Although appellees complain that Cuero Federal Savings did not retain the second page of the signature card, the summary judgment evidence they submitted establishes that the second page is retained on computer storage media. Original documents can be maintained in machine-readable formats and hard-copy duplicates authenticated in the same manner as manually-kept business records. *United States v. Vela,* 673 F.2d 86, 90 (5th Cir.1982). Furthermore, absent a stipulation to the contrary, each party to a contract need not retain a copy of the agreement for it to be effective. *Templeman v. Closs,* 212 S.W. 187, 189 (Tex.Civ. App.—Galveston 1919, no writ).

There is no dispute that page 1 and page 2 constitute a single document. No evidence suggests that Cuero Federal Savings deviated from its usual practice and did not give Allen copies of both pages of the signature card. In the absence of other evidence, it is presumed that Allen read and understood both pages. *Eubank v. First Nat'l Bank of Bellville,* 814 S.W.2d 130, 134 (Tex.App.—Corpus Christi 1991, no writ).

The signature card is a type of contract, *Stauffer v. Henderson,* 801 S.W.2d 858, 869 (Tex.1990); *Kitchen v. Sawyer,* 814 S.W.2d 798, 799 (Tex.App.—Dallas 1991, writ denied), and, therefore, must be read, considered, and construed in its entirety in keeping with the general principles of contract interpretation. *See State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex.1995) (outlining canons of contract interpretation). It is generally not proper to rely on a single

clause or paragraph apart from the rest of the agreement to ascertain the intention of the parties and the meaning of the agreement. *Beaston,* 907 S.W.2d at 433. However, if it appears that only one paragraph deals with the matter, the intent of the parties may be determined from that paragraph alone. *C & C Partners v. Sun Exploration & Prod. Co.,* 783 S.W.2d 707, 714 (Tex.App.—Dallas 1989, writ denied); *Monesson v. Champion Int'l Corp.,* 546 S.W.2d 631, 636 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). Extrinsic evidence of intent, regardless of whether it favors or disfavors the creation of a right of survivorship, will not be considered.[4] *Stauffer,* 801 S.W.2d at 863–64.

After reviewing the signature card, we find that the box for "Multiple–Party Account—With Survivorship" is marked with a double X and also initialed by Allen. After examining both pages, we find that this is the only place on either page where an account holder is expected to indicate the type of account desired. On the second page, we find the definition of "Multiple–Party Account—With Survivorship." Because we presume Allen read and understood the definition, *Eubank,* 814 S.W.2d at 134, the only remaining question is whether the language in the deposit account agreement satisfies the statutory requirements to create a right of survivorship in a jointly-held account.

Both parties cite section 439(a) of the Texas Probate Code, entitled "Right of Survivorship," as controlling. This statute provides, in relevant part, that "an agreement is sufficient to confer an absolute right of survivorship on parties to a joint account under this subsection if the agreement states in substantially the following form: 'On the death of one party to a joint account, all sums in the account on the date of the death vest in and belong to the surviving party as his or her separate property and estate.'" TEX. PROB.CODE ANN. § 439(a) (Vernon Supp. 1998). This language was enacted by the

---

4. In their appellate brief, appellees seem to imply that appellant may have exercised undue influence over Allen at the time she opened the disputed account. Reliable evidence of the assertion of undue influence would have raised a fact

question concerning Allen's intent and precluded summary judgment. Because this allegation was not presented to the trial court, it will not be considered on appeal.

Legislature and became effective in 1987. *Id.*

*Stauffer v. Henderson* is the leading case on the interpretation of language on a signature card and right of survivorship under section 439(a). The Legislature specified the language necessary for the creation of a right of survivorship in a joint account. *Stauffer*, 801 S.W.2d at 863. In *Stauffer*, because the language used on the signature card was not substantially similar to that set out in TEX. PROB.CODE ANN. § 439(a), the supreme court found that no right of survivorship had been created. *Id.* at 865–66.

Section 439A, entitled "Uniform Single–Party or Multiple Party Account Form," was added to the Probate Code by the Legislature, effective August 30, 1993. TEX. PROB. CODE ANN. § 439A (Vernon Supp.1998). Section 439A provides, in relevant part, as follows:

(a) A contract of deposit that contains provisions substantially the same as in the form provided by Subsection (b) of this section establishes the type of account selected by a party. The provisions of this part [of the] code govern an account selected under the form.... A contract of deposit that does not contain provisions substantially the same as in the form provided by Subsection (b) of this section is governed by the provisions of this chapter applicable to the account that most nearly conforms to the depositor's intent.

TEX.PROB.CODE ANN. § 439A(a) (Vernon Supp.1998). Subsection (b) lists the forms a financial institution may use to establish the type of account selected by a party. TEX. PROB.CODE ANN. § 439A(b) (Vernon Supp. 1998). Under subsection (b), we find the following recommended language:

(4) MULTIPLE–PARTY ACCOUNT WITH RIGHT OF SURVIVORSHIP. The parties to the account own the account in proportion to the parties' net contributions to the account. The financial institution may pay any sum in the account to a party at any time. On the death of a party, the party's ownership of the account passes to the surviving parties.

TEX. PROB.CODE ANN. § 439A(b)(4) (Vernon Supp.1998). Section 439A allows variances in the set form to have the same effect if adequate disclosures of the ownership rights and other information are made in some other way, including the use of "a universal account form with options listed for selection and additional disclosures provided in the account agreement, or in any other manner which adequately discloses the information provided in ... section [439A]." TEX. PROB.CODE ANN. § 439A(c) & (d) (Vernon Supp.1998).

The Legislature did not make substantive changes to section 439(a) because section 439A does not alter the fundamental requirement that a signed, written document must exist in order to prove a right of survivorship. We construe section 439A as a supplement to section 439(a), adding alternative acceptable forms of survivorship language. We conclude that section 439A applies to instruments executed after August 30, 1993, the effective date of section 439A, whereas instruments executed prior to that date remain subject to the language of section 439(a). Because Allen opened account no. 48–010992–6 at Cuero Federal Savings on January 20, 1995, section 439A applies in this case.

■ After examining page 1 of the signature card, we see, below the words "Ownership of Account," two Xs and Allen's initials next to the line "Multiple–Party Account— With Survivorship." On page 2 of the signature card, we find the following language:

**OWNERSHIP OF ACCOUNT AND BENEFICIARY DESIGNATION**—These rules apply to this account depending on the form of ownership and beneficiary designation, if any, specified on page 1.... Multiple–Party Account With Right of Survivorship (joint, and not as tenants in common)—At death of party, ownership passes to surviving parties. If two or more of you survive the deceased party, you will own the balance in the account as joint tenants with the right of survivorship and not as tenants in common.

We also find on page 2 of the signature card, a paragraph entitled "Withdrawals" which explains that any party to a multiple party

account may withdraw any or all of the funds at any time.

Although we do not find any explanation of proportional ownership, we hold that the combined language on page 1 and page 2 of the signature card substantially complies with the requirements of section 439A(b)(4) & (c). Accordingly, we hold that Allen and appellant established account no. 48–010992–6 at Cuero Federal Savings and Loan Association as a joint account with the right of survivorship.

We hold that the trial court erred in granting appellees' motion for summary judgment and in denying appellant's motion for summary judgment. We sustain appellant's first and second points of error.

We reverse the trial court's summary judgment. We grant appellant's motion for summary judgment and render judgment that account no. 48–010992–6 at Cuero Federal Savings and Loan Association is the sole and separate property of appellant, Walter T. Allen, Jr., and is not to be included in the inventory of Allen's estate.