In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-434 CV


____________________



IN THE MATTER OF THE ESTATE OF


LENA JO GRAFFAGNINO, DECEASED






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Court Cause No. 76926






OPINION


 Lena Jo Graffagnino ("Lena") died in July 1998. Her three adult children have
litigated a variety of issues concerning her estate. The declaratory judgment in this appeal
concerns Lena's accounts at five institutions. The parties dispute whether the accounts
belong to Lena's son Jack Graffagnino ("Graffagnino") or to the estate of Lena Jo
Graffagnino. Rose Ann Quebedeaux ("Quebedeaux") and Nickie Leah Gonsoulin
("Gonsoulin"), Lena's two other children, filed a petition for declaratory judgment and
then a motion for summary judgment asking that the accounts be declared the property of
the estate. Graffagnino urged the trial court to declare that four of the accounts had passed
to him outside of the estate by right of survivorship, and that the fifth was his by a "pay
on death" designation. The trial court held that all five accounts were property of the
estate. Jack Graffagnino raises nine issues on appeal; he contends that Quebedeaux and
Gonsoulin lacked standing to file the declaratory judgment action and that the trial court
misapplied the law in determining ownership of the five accounts. 

Issue One: Standing

 "The general test for standing in Texas requires that there '(a) shall be a real
controversy between the parties, which (b) will be actually determined by the judicial
declaration sought.'" Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d
659, 662 (Tex. 1996) (quoting Board of Water Engineers of the State of Texas v. City of
San Antonio, 155 Tex. 111, 283 S.W.2d 722, 724 (1955)). The will which Graffagnino
sought to admit to probate divides the estate (except for a store) "equally, per stirpes,"
between Graffagnino, Quebedeaux, and Gonsoulin. Also, if the decedent is held to have
died intestate, her assets will go to Graffagnino, Quebedeaux, and Gonsoulin. Tex. Prob.
Code Ann. § 38(a)(1) (Vernon 1980). Ownership of the accounts is in controversy
between the parties. Quebedeaux and Gonsoulin have a direct and substantial interest in
establishing through this proceeding whether the disputed accounts are part of the estate's
assets. Appellant's first issue is overruled.

Issue Two: Request for Reversal

 Graffagnino's second issue asserts generally that the trial court below erred in
granting the summary judgment regarding all five accounts. We rule specifically on each
account below. We sustain issue two only to the extent we sustain issue seven concerning
the Huntsman Employees Federal Credit Union account and issue eight, as discussed
below; in all other respects, issue two is overruled for the reasons set forth below as to
each account.

Issue Three: The Neches Federal Credit Union Account

 A signature card or deposit agreement creates a right of survivorship if it includes
a written agreement signed by the decedent that "the interest of such deceased party is
made to survive to the surviving party or parties." Tex. Prob. Code Ann. § 439(a)
(Vernon Supp. 2002). See Allen v. Wachtendorf, 962 S.W.2d 279, 283 (Tex. App.--Corpus Christi 1998, pet. denied). Section 439(A)(b) provides a "Uniform Single-Party
or Multiple-Party Account Selection Form." The form describes each type of account and
the passage of the account funds upon the death of one of the parties to the account. Tex.
Prob. Code Ann. § 439(A)(b)(Vernon Supp. 2002).

 The evidence regarding the Neches Federal Credit Union account consists of copies
of the front and back of the signature card, labeled "Account Card," and a copy of a
pamphlet entitled "Important Account Information for our Members[.]" The first page of
the Account Card contains a designation of the account as a "Share/Savings" account, the
name, address, and account information of Lena, and the signatures of both Lena and Jack
Graffagnino, beneath a paragraph labeled "Authorization." The "Authorization"
paragraph sets forth Jack and Lena's agreement to the "terms and conditions of the
Membership and Account Agreement." 

 The evidence also includes an affidavit from the custodian of records at the Credit
Union that the "Membership and Account Agreement" referenced by the signature card
is the pamphlet labeled "Important Account Designation." Under the heading "Ownership
of Account and Beneficiary Designation," the pamphlet describes joint accounts with right
of survivorship in the language prescribed by Section 439(A)(b) of the Probate Code. 
Language establishing survivorship may appear on depository agreements that are
incorporated into the signature card by reference. See Wachtendorf, 962 S.W.2d at 281-83; McNeme v. Estate of Hart, 860 S.W.2d 536, 541 (Tex. App.-- El Paso 1993, no writ)
(op. on mot. for reh'g).

 Although the Neches Credit Union forms would create an enforceable right of
survivorship if appropriately completed, the forms fail to do so in this instance. On the
back of the signature card there are three boxes for the account holder to check to indicate
whether the account was to be single party, multiple party with survivorship, or multiple
party without survivorship. None of the boxes are checked. 

 Lena's signature appears on one line, to the right of the boxes. The line where her
signature appears is to the right of the box marked "Multiple Party with Survivorship."
Andrea Johnson, president of Neches Federal Credit Union, testified that, in the Credit
Union's ordinary practice, a signature on the line signed by Lena would indicate that the
account holder intended to create a right of survivorship. Johnson stated that checking the
corresponding box was not the Credit Union's practice at the time. 

 Lena may or may not have intended to designate the account as a joint account with
right of survivorship. On its face the card is not a clear written contract establishing the
right of survivorship, as required by section 439(a) of the Probate Code. See Stauffer v.
Henderson, 746 S.W.2d 533, 536 (Tex. App. --Amarillo 1988), aff'd, 801 S.W.2d 858
(Tex. 1990). Issue three is overruled.



Issue Four: The Gulf Employees Credit Union Account

 The signature card for this account is substantively identical to that of the Neches
signature card. The box designating "Multiple Party with Survivorship" is checked. 
However, although the incorporated "Membership and Account Agreement" defines rights
of survivorship, appellant's own testimony supports the conclusion that the bank, not Lena,
designated the nature of the account. Appellant testified that he simply obtained his
mother's signature while she was in the hospital so he could write checks on the account
to pay her bills. Under these circumstances, the trial court did not err in declaring the
account to be property of the estate. Issue four is overruled. 

Point of Error Five: The Washington Mutual Account


 The signature card for the Washington Mutual account contains a typewritten
notation that the account is to be "JT/TNTS with rights of survivorship." The rest of the
card does not appear to contain an explanation of rights of survivorship, although part is
illegible. An account agreement stating only that it is a "Joint Account with Right of
Survivorship," without additional explanatory language, does not confer a right of
survivorship. See Ivey, 857 S.W.2d at 751. Issue five is overruled.




Issue Six: The Bank One Account

 The Bank One signature card contains the signatures of both Jack and Lena. 
Appellant informed the trial court that "[a]t the very least, there is a fact question
concerning whether or not the 'X' marks are marking the box indicating Joint Rights of
Survivorship." The box designating that the account is to be joint with survivorship is
blank; the 'X' marks appear above the box. Having in essence told the trial court that the
designation was not clearly made, appellant cannot now complain that the trial court erred
in deciding that the designation was not clearly made. Issue six is overruled.

Issue Seven: The Huntsman Employees

Federal Credit Union Account


 This account differs from the other disputed accounts in that it is an individual
account that designates appellant as the beneficiary. The signature card and the
incorporated "Important Account Information For Our Members" are almost entirely
identical to those in the Gulf and Neches accounts. Lena signed the card beneath the
language that incorporates the Membership and Account Agreement. The box that
designates the account as "Single Party" is checked, as is the box designating it as a
"Payable On Death" account. The language in the "Account Information" pamphlet
describes "payable on death" accounts with the statutorily required language. Jack
Graffagnino is listed as the beneficiary. This agreement created a valid "pay on death"
account with Jack Graffagnino as the beneficiary. (1) Point of error seven is sustained.

Issue Eight: Proportional 

Ownership of Funds in Joint Accounts Appellant argues that the trial court erred in holding that all the funds in the
disputed accounts were property of the estate. He points out that all the accounts, with the
exception of the Huntsman POD account, were joint accounts. He cites section 438(a) of
the Probate Code for the proposition that "[a] joint account belongs, during the lifetime
of all parties, to the parties in proportion to the net contributions by each to the sums on
deposit[.]" Tex. Prob. Code Ann. § 438(a) (Vernon 1980). He contends that the trial
court should not have held that all the assets of the joint accounts belonged to the estate
without hearing evidence as to contributions which may have been made by him, rather
than Lena. Appellant did not raise the issue at the trial court by asserting that he made any
contributions to the accounts in question. His pleadings, motions and responses asserted
solely that he owned the accounts as a matter of law by survivorship. 

 However, plaintiffs' motion for summary judgment did not address the issue of each
party's contribution to the joint account, other than an assertion that the accounts were
property of the estate and that the following "fact" was "undisputed":

 7. Respondent has never asserted that the funds placed into the accounts
were anything other than Lena Jo Graffagnino's. It is believed that the
parties stipulate that all funds were owned by the Decedent at the time the
accounts in question were established. 


The motion was not designated as a no-evidence motion for summary judgment and this 
assertion of "undisputed" fact was not supported by any summary judgment evidence. 
Even if we were to treat the motion as a no-evidence motion, the assertion that the funds
were owned by Lena "at the time the accounts in question were established" does not
negate the possibility of contributions by appellant of his personal funds after the accounts
were created. We must sustain this issue due to an absence of any summary judgment
evidence that the contributions to the joint accounts were all Lena's and that no funds were
contributed by appellant. Issue eight is sustained.

Issue Nine: The Estate

 Finally, appellant contends that the judgment below is void because the accounts
were awarded to the estate that he claims does not exist. Appellees may pursue a judgment
establishing the accounts as property of the estate rather than appellant's individual
property. Issue nine is overruled.

 We affirm in part, reverse in part, and remand this case to the trial court for further
proceedings consistent with this opinion.

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

 PER CURIAM


Submitted on May 2, 2002

Opinion Delivered September 26, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The issue of whether appellant used undue influence to obtain the Huntsman
Employees Federal Credit Union account is not before this court; this opinion does not
resolve that issue.