Reversed and Remanded and Memorandum Opinion filed December 16, 2003









Reversed and Remanded and Memorandum Opinion filed
December 16, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00266-CV

____________

 

COLIE MAE HERRING, Appellant

 

V.

 

GLENN JOHNSON, Administrator of
the Estate of  HELEN IDA PITTMAN HUFFMAN,
Deceased, Appellee

 



 

On Appeal from the Probate
Court No. 2

Harris County, Texas

Trial Court Cause No. 320,903-402

 



 

M E M O R A N D U M  
O P I N I O N

Appellant, Colie Mae Herring (AHerring@) appeals from the grant of
final summary judgment ordering her to surrender the proceeds of a bank account
to appellee, Glenn Johnson (AJohnson@), the administrator of her
sister=s estate.  On appeal, Herring contends that the trial
court erred in finding no right of survivorship was created in the joint bank
account.  We reverse and remand.








This appeal arises out a declaratory judgment suit brought
by Johnson in his capacity as the administrator of Mrs. Helen Ida Pittman
Huffman=s estate.  Mrs. Huffman died intestate on November 24,
2000, in Hattiesburg, Mississippi.  Mrs.
Huffman was predeceased by her husband and had no children.  Herring was her only living sibling.  At the time of her death, Mrs. Huffman owned
several bank accounts. The declaratory judgment suit was brought to determine
whether these accounts were joint accounts with rights of survivorship.  All issues involving the disputed accounts
were resolved by agreement and stipulation, except as to one account.  The remaining account was an interest-bearing
checking account at Bank of America, N.A., account number 422 550 1261and
styled AHelen Huffman or Colie Mae Herring.@  The account was opened by Mrs. Huffman in
1981.[1]  Sometime later, a new signature card was
executed and Herring was added to the account.  
The language, AJoint with Right of
Survivorship,@ appeared next to a box on the
card.  The box had been checked, but
there were no initials next to the check mark or the above quoted
language.  Mrs. Huffman=s and Herring=s signatures appeared further
down on the card.  

The legal effect of this signature card forms the basis of
the dispute. Johnson filed a motion for summary judgment asserting that the
signature card did not create a right of survivorship in favor of Herring.  After an oral hearing, the trial court
granted Johnson=s motion and ordered Herring to
return the proceeds of the disputed bank account to the estate. 

The standard we follow in reviewing a summary judgment is
well‑established.  The movant for summary judgment has the burden to show that no
genuine issue of material fact exists and that he is entitled to judgment as a
matter of law.   Tex. R. Civ. P. 166a(c);  Lear Siegler,
Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991); Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548‑49 (Tex.1985).  When deciding whether there is a disputed
material fact issue precluding summary judgment, we treat proof favorable to
the non‑movant as true and we resolve any
doubts in its favor.  Nixon, 690
S.W.2d at 548‑49; Montgomery v. Kennedy, 669 S.W.2d 309, 311
(Tex.1984). 








Johnson argued in his motion for summary judgment that the
signature card purporting to grant Herring a right of survivorship in the
account was insufficient as a matter of law. 
Johnson cited Stauffer v. Henderson, 801 S.W.2d 858 (Tex. 1990) in which the
Texas Supreme Court explained that a right to survivorship could only be
created by a written agreement that follows the section 439(a) of the Probate
Code.[2]  In analyzing whether a right to survivorship
was created, Stauffer established that courts could not consult any
extrinsic evidence.  Stauffer, 801
S.W.2d at
865.  Accordingly, Johnson argued that
the signature card, alone,  was not in
compliance with section 439(a); thus, no right of survivorship was created by
the document.








Herring directed the trial court to post-Stauffer
amendments to the Probate Code in drafting her response to the motion for
summary judgment.  More specifically,
Herring alleged in her response that the signature card was in compliance with
both sections 439(a) and 439A.  Herring
correctly explained that the Texas Legislature had expanded the A>magic words=@ requirement of 439(a) by
enacting 439A.  The amendments allow for
the language creating the right to survivorship to be included in another
account agreement or disclosure.[3]
Herring argued the requisite language was included in the Deposit Agreement and
Disclosure given to Mrs. Huffman.    

Section 439A only applies to agreements entered into
after  September 1, 1993.  Allen v. Wachtendorf,
962 S.W.2d
279, 283 (Tex. App.CCorpus Christi 1998, pet. denied).  By invoking 439A, a fact question necessarily
arises as to the date the signature card was executed.   The signature card appears to bear a
printing date of A6/97@ suggesting the execution of
the new signature card was sometime after June 1997.  However, both parties provide theories as to
the date of execution, and we find nothing in the record to conclusively
establish the date of execution.[4]
Moreover, without a date of execution, we are unable to determine the
applicable statue governing the account at the time Herring was added to the
account. Faced with this fact issue, we must reverse the order of the trial
court granting summary judgment. 

The order of the trial court is reversed.  We remand this case for proceedings
consistent with this opinion.  

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed December 16, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  The record
reflects that Bank of America and NationsBank merged in 2000.  NationsBank was previously known as NCNB, but
after a merger with CNS Sovereign, it formed NationsBank.  The signature card was signed while that bank
was operating as NationsBank.  





[2]           Notwithstanding any other law, an
agreement is sufficient to confer an absolute right of survivorship on parties
to a joint account under this subsection if the agreement states substantially
the following form: >On the death of one party to a joint account, all sums
in the account on the date of the death vest in and belong to the surviving
party as his or her separate property and estate.=  A survivorship will not be inferred from the
mere fact that the account is a joint account. 

Tex. Prob. Code Ann. ' 439(a) (Vernon 2003).





[3]  This section
provides form language to establish particular types of accounts: 

(4)
MULTIPLE-PARTY ACCOUNT WITH RIGHT OF SURVIVORSHIP.  The parties to the account own the account in
proportion to the parties= net contributions to the account.  The financial institution may pay any sum in
the account to a party at any time.  On
the death of a party, the party=s ownership of the account passes to the surviving
parties. 

Tex. Prob. Code Ann. ' 439A(b) (Vernon 2003).  However, the financial institution may vary
the format of the form and Amake disclosures in the account agreement or in any
other form which adequately discloses the information provided in this section.@  Id. ' 439A(c).  The
institution may also employ the use of Aa
universal account form with options listed for selection and additional
disclosures provided in the account agreement.@  Id.  '
439A(d).





[4]  Jerilynn Johns, Bank of America vice-president and banking
center manager, surmised in her deposition that the signature card was signed
sometime between 1990 and 2000.