COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO.  2-10-163-CV

 

 


 
 
 IN RE PROFESSIONAL PHARMACY II
 
 
  
 
 
 RELATOR
 
 


                                                                                                                             

 

------------

 

ORIGINAL
PROCEEDING

 

------------

 

MEMORANDUM OPINION[1]

 

------------

This
is an original proceeding in which Relator Professional Pharmacy II
(Professional Pharmacy) contends that the trial court abused its discretion by
issuing its March 8, 2010 order granting JP Morgan Chase Bank, NA’s (JP Morgan’s)
motion to strike jury demand and enforce contractual waiver of jury trial.  Professional Pharmacy argues that the trial
court abused its discretion by granting the motion because it was filed more
than a year and a half after Professional Pharmacy filed its jury demand and
only forty-six days before trial was set to begin and because JP Morgan failed
to prove the existence of a valid jury waiver. 
Professional Pharmacy also contends that the provision at issue is an
arbitration provision and that JP Morgan waived its right to invoke
arbitration. We will conditionally grant the writ.

Background

On
July 14, 2008, Professional Pharmacy filed suit against JP Morgan asserting
breach of a depository contract, seeking declaratory relief, and requesting a
jury trial.  Over the next eighteen
months, the parties conducted discovery, filed motions, and filed a joint motion
for continuance.  On February 4, 2010, JP
Morgan filed a motion to strike Professional Pharmacy’s jury demand and enforce
a contractual waiver of jury trial contained within a “master account agreement.”  On February 17, 2010, Professional Pharmacy
filed a response to the motion to strike in which it argued that JP Morgan had
failed to meet its burden to prove the existence of a valid and enforceable
jury waiver and that the provision relied upon by JP Morgan was not a jury
waiver but rather an unenforceable arbitration provision that had been waived by
JP Morgan’s actions.  On March 5, 2010,
the trial court held a hearing on JP Morgan’s motion to strike the jury demand,
and it granted the motion by an order signed on March 8, 2010.  On March 9, 2010, Professional Pharmacy paid
the jury fee.[2]  On May 21, 2010, Professional Pharmacy filed
this petition for writ of mandamus.  

Standard of Review

Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re
Columbia Med. Ctr. of Las Colinas, 290 S.W.3d 204, 207 (Tex. 2009) (orig.
proceeding).  

A
trial court clearly abuses its discretion when it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  With respect to the
resolution of factual issues or matters committed to the trial court’s discretion,
we may not substitute our judgment for that of the trial court unless the
relator establishes that the trial court could reasonably have reached only one
decision and that the trial court’s decision is arbitrary and
unreasonable.  Id. at 839–40.  This burden is a heavy one.  In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003) (orig. proceeding).  We give
deference to a trial court’s factual determinations, but we review the trial
court’s legal determinations de novo.  In
re Labatt Food Serv., L.P., 279 S.W.3d 640, 643 (Tex. 2009) (orig.
proceeding).  A trial court abuses its
discretion if it incorrectly interprets or improperly applies the law.  In re Dep’t of Family & Protective
Servs., 273 S.W.3d 637, 642–43 (Tex. 2009) (orig. proceeding); Walker,
827 S.W.2d at 840.

Absent
extraordinary circumstances, mandamus will not issue unless relator lacks an
adequate remedy by appeal.  In re Van
Waters & Rogers, Inc., 145 S.W.3d 203, 210–11 (Tex. 2004) (citing Walker,
827 S.W.2d at 839). Whether a clear abuse of discretion can be adequately
remedied by appeal depends on a careful analysis of costs and benefits of
interlocutory review.  In re McAllen
Med. Ctr., Inc., 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).  As this balance depends heavily on circumstances,
it must be guided by analysis of principles rather than simple rules that treat
cases as categories.  Id.  An appellate remedy is adequate when any
benefits to mandamus review are outweighed by the detriments.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). 
When the benefits outweigh the detriments, we must conduct further
analysis.  Id.  An appeal is inadequate for mandamus
purposes when parties are in danger of permanently losing substantial rights,
such as when the appellate court would not be able to cure the error, the party’s
ability to present a viable claim or defense is vitiated, or the error cannot
be made part of the appellate record.  Van
Waters & Rogers, Inc., 145 S.W.3d at 210–11; Walker, 827
S.W.2d at 843–44.  An appellate court
should also consider whether mandamus will allow the court to give needed and
helpful direction to the law that would otherwise prove elusive in appeals from
final judgments and whether mandamus will spare litigants and the public the
time and money utterly wasted enduring eventual reversal of improperly
conducted proceedings.  In re Team
Rocket, L.P., 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). 

Improper
denial of the constitutional right to trial by jury amounts to an abuse of
discretion.  See McDaniel v. Yarbrough,
898 S.W.2d 251, 253 (Tex. 1995); In re
Bradle, 83 S.W.3d 923, 928 (Tex. App.—Austin 2002, orig. proceeding); Union Pac. Fuels, Inc. v.
Johnson, 909 S.W.2d 130, 133 (Tex.
App.—Houston [14th Dist.] 1995, orig. proceeding); Rosenthal v. Ottis, 865 S.W.2d 525,
529 (Tex. App.—Corpus Christi 1993, orig. proceeding).  The issue of whether a presuit waiver of
trial by jury is enforceable is reviewable by mandamus.  See In
re Prudential, 148 S.W.3d at 138.

The
Trial Court Abused its Discretion by Granting the Motion to Strike Professional
Pharmacy’s Jury Demand because JP Morgan Failed
to Prove a Valid and Enforceable Jury Waiver

 

In
its second issue, Professional Pharmacy argues that the trial court abused its
discretion by granting the motion to strike the jury demand because JP Morgan
failed to establish the existence of a valid and enforceable jury waiver.  Professional Pharmacy contends that the contractual
provision contained within the master account agreement that JP Morgan contends
is a “jury waiver” is not a jury waiver but rather a portion of an arbitration
clause.  The complete provision reads as
follows:

4.       Most disputes arising under this Agreement
related to accounts or services hereunder are subject to mandatory binding
arbitration. Rights to trial by judge or jury are waived hereby.  Bank must be notified by depositor of claims
and proceedings to enforce any such claims must be brought, within the time
requirements established in the Account Disclosures and Regulations. 

 

JP Morgan contends that the jury waiver
“provision provides for either arbitration or for jury waiver.”[3]  JP Morgan specifically argues that under the
provision at issue,

If
a party files a lawsuit the dispute may be subject to arbitration (i.e. “most
disputes . . . are subject to” arbitration). 
In such a case, a party may invoke the arbitration provision, and an
arbitration would be conducted by an arbitrator-not a judge.  On the other hand, if a party files a
lawsuit, and if arbitration is not sought or the claims are not subject to
arbitration, the right to trial by jury is still waived.  There is nothing that precludes a party from
invoking one portion of the provision-i.e. right to trial by jury is
waived.  

 

This
argument requires us to apply basic principles of contract construction.  When construing contracts and other written
instruments, our primary concern is to ascertain the true intent of the parties
as expressed in the instrument.  See
Baldaran v. Safeco Ins. Co., 972
S.W.2d 738, 741 (Tex. 1998); NP Anderson Cotton
Exch., L.P. v. Potter, 230 S.W.3d 457, 463 (Tex. App.—Fort Worth 2007, no
pet.); In re Estate of Dellinger, 224 S.W.3d 434, 438 (Tex.
App.—Dallas 2007, no pet.) (applying general principles of
contract construction to the interpretation of a bank account application); Allen
v. Wachtendorf, 962
S.W.2d 279, 283 (Tex. App.—Corpus
Christi 1998, pet. denied) (applying general principles of contract
construction to the interpretation of a bank account signature card).  If a written contract is so worded that it can
be given a certain or definite legal meaning or interpretation, then it is not
ambiguous and the court will construe the contract as a matter of law.  See
Nat’l Union Fire Ins. Co. v. CBI Indus., 907 S.W.2d 517, 520 (Tex. 1995).  We must examine and consider the entire
contract in an effort to harmonize and give effect to all provisions so that
none are rendered meaningless.  See Potter, 230 S.W.3d at 463; see
also J.M. Davidson, Inc.
v. Webster, 128 S.W.3d 223, 229 (Tex. 2003).
“We construe contracts ‘from a utilitarian standpoint bearing in mind the
particular business activity sought to be served’ and ‘will avoid when possible
and proper a construction which is unreasonable, inequitable, and oppressive.’”
 Frost Nat’l Bank v.
L & F Dist., Ltd., 165 S.W.3d 310, 312 (Tex. 2005)
(quoting Reilly v. Rangers
Mgmt., Inc., 727 S.W.2d 527, 530 (Tex. 1987)).  “If, after the pertinent rules of construction
are applied, the contract can be given a definite or certain legal meaning, it
is unambiguous and we construe it as a matter of law.”  Id.
(citing Webster, 128 S.W.3d at 229).  

Examining
the provision at issue in light of the pertinent rules of construction, we
conclude that JP Morgan’s contention that the provision at issue is both an
arbitration provision and a jury waiver is incorrect.  “[A] difference exists between a jury trial
waiver and an agreement to arbitrate disputes.” 
See Chambers v. O’Quinn, 305
S.W.3d 141, 149 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  Arbitration is an agreement to resolve
disputes out of court in the first instance, not an agreement to waive a
particular constitutional right available within the judicial process.  See id.
(citing D. Wilson Const.
Co., Inc. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 231
(Tex. App.—Corpus Christi 1992, writ dism’d w.o.j.)).  When a party contractually agrees to arbitrate
a dispute, it waives its rights to recourse in the courts.  D.
Wilson Const. Co., Inc., 848 S.W.2d at 231. 


The first sentence in the
provision at issue clearly relates to arbitration as the method that has been
selected for resolving disputes.[4]  The sentence waiving trial by judge or jury also
clearly contemplates arbitration as it attempts to take the dispute resolution
out of the court system altogether. 
“Judge” and “jury” are mentioned in the same sentence, and there is nothing
to indicate the waiver of jury standing alone.  Accordingly, JP Morgan’s contention that the
provision is a valid jury waiver fails.  See Chambers,
305 S.W.3d at 149.  Moreover, even if
this provision was meant to serve as a jury waiver, it would fail because it is
not conspicuous.  See In re Bank of America, 278 S.W.3d 342, 344–45 (Tex. 2009) (per
curiam); Prudential, 148 S.W.3d at
134.

Further, because
Professional Pharmacy stands to lose a substantial right, it lacks an adequate
remedy by appeal.  See Rosenthal, 865 S.W.2d at 529 (stating adequate remedy by appeal
does not exist for denial of jury trial). 
We therefore sustain Professional Pharmacy’s second issue and conditionally
grant Professional Pharmacy’s petition for writ of mandamus.  Because of our disposition of Professional
Pharmacy’s second issue, we need not consider the remaining issues, which all
relate to the improper granting of JP Morgan’s motion to strike.  See
Tex. R. App. P. 47.1.   

Conclusion

Having determined that the trial court abused its discretion by
granting JP Morgan’s motion to strike Professional Pharmacy’s jury demand, we
order the trial court to vacate its March 8, 2010 order granting the motion to
strike.  Only if the trial court fails to
comply with this court’s order will we issue the writ.  

 

 

                                                                   ANNE
GARDNER

                                                                             JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER
and MCCOY, JJ.

 

DELIVERED:  September 23, 2010      











[1]Tex.
R. App. P. 47.4.





[2]Although
Professional Pharmacy had not paid the jury fee more than thirty days before
the trial setting as required by Rule 216 of the Texas Rules of Civil
Procedure, that issue was not one of the grounds in JP Morgan’s “motion to
strike and enforce a contractual jury waiver”, and the trial court’s March 8,
2010 order does not list the failure to pay as a reason for granting JP
Morgan’s motion to strike.  See Tex. R. Civ. P. 216; Huddle v.
Huddle, 696 S.W.2d 895, 895
(Tex. 1985); Univ. Printing Co., Inc. v.
Premier Victorian Homes, Inc., 73
S.W.3d 283, 289 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). 

 





[3]In its response,
JP Morgan also argues that Professional Pharmacy lacks standing to assert
claims against it for breach of contract, wrongful foreclosure, negligence, and
conversion because it is not a party to the master account agreement.  However, JP Morgan had filed a motion for
summary judgment on the standing issue, and the motion was denied by the trial
court before this original proceeding was filed.  JP Morgan further argues that, even though
Professional Pharmacy lacks standing to complain of a breach of the master
account agreement, it is nonetheless bound by the “jury waiver” contained
within the agreement.  





[4]We
note that the provision refers to “most disputes” without delineating the
disputes that are encompassed by that term. 
Because JP Morgan is not seeking arbitration, however, we need not
decide whether this language renders the provision enforceable.